No. 22965.

The Public Utilities Commission of the State of Colorado; Henry E. Zarlengo, Howard S. Bjelland, and Ralph C. Horton, individually and as Commissioners of the Public Utilities Commission of the State of Colorado; and Acme Delivery Service, Inc., a Colorado corporation *v.* The District Court in and for the County of Arapahoe, State of Colorado, and Robert B. Lee, a Judge of said court.

431 P.2d 773)

Decided September 5, 1967.     Rehearing denied October 2, 1967.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, J. David Penwell, Assistant, Robert Lee Kessler, Assistant, for petitioner The Public Utilities Commission.

Hughes and Dorsey, Raymond B. Danks, Richard Kitchen, for petitioner, Acme Delivery Service.

John P. Thompson, Edward T. Lyons, Jr., T. Peter Craven, for respondents.

Of Counsel: Hays, Thompson & Johnson, Jones, Meiklejohn, Kehl & Lyons.

464

*En Banc.*

Mr. Chief Justice Moore delivered the opinion of the Court.

This is an original proceeding in prohibition in which this court issued a rule requiring the district court of Arapahoe county to show cause why the relief prayed for in the complaint of the above named petitioners should not be granted.

Facts pertinent to the questions to be decided are as follows. Acme Delivery Service, Inc. filed an application with the Public Utilities Commission for authority to extend its operations under certificates theretofore issued to it by the commission. Weicker Transfer & Storage Co., and others hereinafter referred to as protestants, objected to the application filed by Acme. Hearings were held on several days in December 1965 and February and March 1966. The decision of the Public Utilities Commission, issued on August 16, 1966, granted Acme substantial extensions in its field of authorized operation, to which the protestants took exception. They have taken the record of proceedings before the commission to the district court for review pursuant to C.R.S. 1963, 115-6-15.

In the action for review, on October 18 and 19, 1966, the petitioners below served the commissioners, Zarlengo, Bjelland and Horton (commissioner Horton has retired and Mr. Lundborg has been appointed to fill his position) with Requests for Admissions under Rule 36 of the Colorado Rules of Civil Procedure. Within the time provided by the Rules of Civil Procedure, the commission, by its attorney, filed its objections to these requests for admissions. The district court, presided over by the Honorable Robert B. Lee in and for the county of Arapahoe, held a hearing on the commission's objections to the requests for admissions on April 17, 1967. On April 19, 1967, the Honorable Robert B. Lee entered

his order overruling the commission's objections and requiring the commissioners to answer the requests for admissions within fifteen days. Following entry of this order the petition for writ of prohibition was filed in this court; a rule to show cause was issued; answer was made pursuant to the rule; briefs were filed; and oral argument was had.

The Attorney General argues on behalf of the commissioners that the rule should be made absolute for the following reasons:

"(A) There is a presumption of regularity and validity of administrative action and decisions which arises at the termination of an administrative proceeding and the agency concerned enters its decision. This presumption necessarily exists to support the official actions of public officials and courts should presume that they have properly performed their official duties.

"This presumption has not been overcome by the Petitioners in the proceedings before the Defendant, and such a showing must be made on the basis of the record.

"(B) Because the Commission acts in a quasi-judicial capacity, it is improper to allow a person aggrieved by administrative action to inquire or ascertain by discovery procedures the manner in which the Commissioners arrive at their decision. The only exception to this rule is when a clear showing of misconduct, improper or illegal action has been made by the aggrieved party or they have been able to allege and show a specific violation of an existing statute.

"(C) The provisions of C.R.S. 1963, 115-6-15 provide, inter alia, that, 'No new or additional evidence may be introduced in the district court, but the cause shall be heard on the record of a commission as certified by it,' and 'The provisions of the rules of civil procedure of this state relating to writs of certiorari or review, so far as applicable *and not in conflict with the provisions of articles 1 to 7 of this chapter,* shall apply to proceedings had in the district court under the provisions of this

section.' Without some showing sufficient to take the review beyond these statutory limits the case must be heard without the benefit of additional evidence disclosed by discovery proceedings in the District Court." (Emphasis added)

The "Petition for Writ of Certiorari or Review" filed in the district court by protestants contains the following allegations, *inter alia*:

"11. The aforesaid hearings before the Respondent Commission in the matter of the application of the Respondent Acme were conducted entirely by and before only one of the members of the Respondent Commission, namely the Respondent Zarlengo, and all of the extensive evidence adduced during said hearings was heard solely by the Respondent Zarlengo. Neither of the other two appointed members of the Respondent Commission, namely the Respondents Bjelland and Horton, was in attendance in the hearing room during any of such hearings, nor did the Respondents Bjelland and Horton, or either of them, personally hear any of the evidence adduced during such hearings, or observe the demeanor of any of the witnesses who testified therein, or participate in ruling upon the admissibility and propriety of the evidence, objections and contentions presented by any of the parties during such hearings."

The petition contains additional allegations to the effect that applications for rehearing were filed before the commission which were denied by action of all three members. This action was taken before any transcript of the evidence, which was taken at the hearings, was prepared.

The following allegations contained in the Petition for Certiorari are pertinent to the question before us for determination:

"18. In making and entering the Decisions and Orders referred to herein above, the Respondent Commission, acting through the Respondent Commissioners, has not

regularly pursued its authority and has abused its discretion, and said Decisions and Orders are unlawful, not in accordance with the evidence, unjust, unreasonable, arbitrary, capricious, and have denied the Petitioners a fair hearing and due process of law as guaranteed under the Constitutions of the United States and the State of Colorado, all as is more fully set forth in the Petitioners' aforesaid application and/or petitions for rehearing which are by reference incorporated herein as Exhibits 'B' and 'C'."

Admittedly no transcript of the evidence presented before commissioner Zarlengo was available to the other two commissioners at the time they concurred in the decision of the commission. This was also true as of the date upon which the petition for rehearing was denied by unanimous vote of the commission.

The requests for admissions which were served on each of the members of the commission would require that the members of the commission who did not hear the evidence respond as to whether they were personally present when any testimony was taken; whether they read any transcript of the evidence, or whether reporter's notes were read to them; whether "all of the testimony of any of the witnesses who testified" was orally reported at any meeting or series of meetings attended by them; whether at any time prior to the date of decision they conferred with any person "concerning all of the testimony heard in connection with the application" made by Acme and other questions of similar import. Admissions requested of commissioner Zarlengo were of the same character but were couched in different language to fit the role which he played as the member of the commission who actually heard all of the evidence which was offered.

There is express authority throughout the statute governing procedures before the Public Utilities Commission for hearings to be conducted before the full

468

commission, or before "any commissioner" or "any examiner" of the commission. C.R.S. 1963, 115-6-1, et seq.

■ There is a presumption of regularity and validity with which the acts of an administrative agency are clothed in carryng out its statutory responsibilities. In Volume II of his *Administrative Law Treatise,* Professor Davis discusses this presumption at Section 11.06 on page 63:

"The presumption of reading and considering is merely one facet of the general presumption of regularity, which the Supreme Court often states very broadly: 'The presumption of regularity supports the official acts of public officers and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties.' *United States v. Chemical Foundation,* 272 U.S. 1, 14-15, 47 S. Ct. 1, 6, 71 L. Ed. 131 (1926)."

■ In the subject case there has been no showing by the petitioners whatsoever to overcome the presumption of regularity and the mere allegation that the commissioners did not consider the entire record is insufficient as discussed by Davis in the case of *Cupples Co. Mfrs. v. NLRB,* 103 F.2d 953, 957, 958 (8th Cir. 1939), where the court stated that:

"The allegations of the petition here do not go beyond showing a proper reliance by the members of the Board on administrative assistance. * * * Every presumption of regularity attends the action of the Board. * * * Presuming, as we must, that petitioner's brief was considered, and since the Board has the right to rely upon information of its subordinates as to the evidence submitted, the allegation that the members of the Board did not consider the evidence in arriving at the decision, is, we think, insufficient to justify the court in granting the relief asked." (*Supra,* at page 63-64)

■ For a collection of further authorities on this subject see also 2 A.L.R.2d, Section 10 at page 625. This

presumption of course is an adjunct and a supplement to the idea that the manner and extent of the reading and considering of the evidence of the deciding officials of an administrative agency can not be probed and, as was stated in the case of *Taub v. Pirnie*, 3 N.Y.2d 188, 195, 144 N.E.2d 3, 6 (1957),

"In ascertaining whether an informed decision has been made, the courts accord the decision the presumption of regularity to which it is entitled * * * and refrain from probing the mental processes of the * * * (deciding officer) in reaching his conclusions."

■■ There is a substantial body of law which holds that officials of an administrative agency can not be compelled to testify concerning the procedure or manner in which they made their findings and rendered a decision in a given case. *United States, et al. v. Morgan*, 313 U.S. 409, 61 S. Ct. 999, 85 L. Ed. 1429. For a collection of authorities on this principle see 18 A.L.R.2d, Section 10 at page 624. While there are some decisions to the contrary we believe that the great weight of authority prohibits inquiring or probing the mental processes or procedure by which an administrative decision is reached, and the only exception to this rule is where an allegation has been made and there is a clear showing of illegal or unlawful action, misconduct, bias or bad faith on the part of the commissioners or a specific violation of the applicable statute. No such showing is made in the instant case. Other cases hold that relief of the kind sought in this action will be granted on a showing of "fraud, bad faith, dishonesty, corruption, collusion, malice, wrongful motive, or intentional wrongdoing." 2 Am. Jur. 2, 514, Sec. 653. See also *Louisville and Jefferson County Metropolitan Sewer District, et al. v. Joseph E. Seagram & Sons, Inc., et al.*, 307 Ky. 413, 211 S.W.2d 122.

■ We hold that under the particular circumstances disclosed by this proceeding the trial court erred in

directing that the members of the commission make answer to the Request for Admissions.

Accordingly the rule is made absolute.

MR. JUSTICE PRINGLE and MR. JUSTICE KELLEY concur in the result.