No. 25048.

BOARD OF EDUCATION OF SCHOOL DISTRICT NO. 6 ARAPAHOE COUNTY, COLORADO *v.* THE DISTRICT COURT IN AND FOR THE COUNTY OF ARAPAHOE, STATE OF COLORADO, AND HONORABLE MARVIN W. FOOTE, ONE OF THE JUDGES THEREOF.

(483 P.2d 361)

Decided April 12, 1971.

SIMON, EASON, JOYT & MALONE, RICHARD L. EASON, for petitioner.

ALPERSTEIN and PLAUT, P.C., FRANK PLAUT, for respondents.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

THIS matter is before us under a rule to show cause issued by this court upon an application for a writ of prohibition. The sole question before us is whether the depositions of members of the board of education of the petitioner school district may be taken. We hold that

under the circumstances here the depositions may not be taken.

During the term of the contractual employment by the school district of a non-tenured high school teacher, the board of education, after charges and hearing under 1967 Perm. Supp., C.R.S. 1963, 123-18-11 and 17, ordered dismissal of the teacher. The teacher sought review of this order in the respondent district court, where the action is still pending. Counsel for the teacher sought to take the depositions of members of the board as adverse witnesses. The board made a motion for protective orders. It was argued by counsel for the teacher that the depositions might be taken to determine whether the board members acted in accordance with the requirements of law, and in particular, whether they considered evidence outside the record in reaching their decision. The trial court entered an order permitting the taking of the depositions but limiting the inquiry to "whether or not they did in fact utilize other matters outside of the record." Our review is of this ruling.

The teacher's complaint in the district court alleged that she had been denied right to counsel; had been denied equal protection of law; had been denied her right of free speech; that school policy which she had questioned was in violation of the law; that she was dismissed without any good and just cause; and that the panel which heard the matter and filed findings and recommendations with the board acted contrary to the evidence and made errors in law. There is no allegation in the complaint and no showing that any member of the board considered evidence outside the record.

■ While counsel for the teacher do not regard *Public Utilities Commission v. District Court*, 163 Colo. 462, 431 P.2d 773 (1967), as determinative, we regard it as quite in point. It was there said:

"There is a substantial body of law which holds that officials of an administrative agency can not be compelled to testify concerning the procedure or manner in which

they made their findings and rendered a decision in a given case. *United States, et al. v. Morgan,* 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429. For a collection of authorities on this principle see 18 A.L.R.2d, Section 10 at page 624. While there are some decisions to the contrary we believe that the great weight of authority prohibits inquiring or probing the mental processes or procedure by which an administrative decision is reached, and the only exception to this rule is where an allegation has been made and there is a clear showing of illegal or unlawful action, misconduct, bias or bad faith on the part of the commissioners or a specific violation of the applicable statute. No such showing is made in the instant case. Other cases hold that relief of the kind sought in this action will be granted on a showing of 'fraud, bad faith, dishonesty, corruption, collusion, malice, wrongful motive, or intentional wrongdoing.' 2 Am. Jur. 2, 514, Sec. 653. See also *Louisville and Jefferson County Metropolitan Sewer District, et al. v. Joseph E. Seagram & Sons, Inc.,* et al., 307 Ky. 413, 211 S.W.2d 122."

If we were to approve of the taking of these depositions, it would mean that on judicial review of any administrative decision the person seeking review could go on a similar "fishing expedition."

■ We doubt, although we do not decide, that the taking of depositions of members of an administrative tribunal can be predicated solely upon allegations of a complaint without a further showing. In any event, under the allegations of this complaint it was incumbent upon the teacher to make a showing indicating that one or more members of the board voting for dismissal considered evidence outside the record before being permitted to take such depositions.

The ruling of the respondent court in permitting the deposition upon a limited basis is reversed and the rule made absolute.