493 P.2d 651 (1972)
Richard S. JOHNSTON and M. R. Garrison, Plaintiffs in Error,
v.
CITY COUNCIL OF the CITY OF GREENWOOD VILLAGE et al., Defendants in Error.
No. 23937.
Supreme Court of Colorado, En Banc.
February 7, 1972.
*652 Robert Lee Kessler, Denver, Loye & Bangert, Richard W. Bangert, Wheat Ridge, for plaintiffs in error.
C. Charles Buchler, Victor N. Nilsen, Englewood, for defendants in error.
DAY, Justice.
This case involves the annexation of certain lands east of the town of Greenwood Village. The plaintiffs in error are residents in the territory proposed to be annexed and as plaintiffs contested the validity of the annexation in the court below pursuant to 1965 Perm.Supp., C.R.S.1963, XXX-XX-XX. Judgment declaring the annexation valid was entered and review is sought in this court.
One main issue raised by the parties necessitates that the case be reversed and remanded to the lower court to remand to the city council of Greenwood Village for further proceedings. This question concerns whether "* * * less than one-sixth of the perimeter of the area proposed to be annexed is contiguous with the annexing municipality." Section 139-21-3(2), supra. Apparently, if a certain 220-acre tractdenominated as the Perry propertyis not in the town of Greenwood Village, the annexation must fail as the contiguity requirement will not then be met. While we express no views as to whether such contiguity in fact exists, we hold that city council's failure to make a finding on this vital question rendered the annexation action fatally deficient. It also was error for the trial court on review not *653 to make a finding on this deficiency in the annexation proceeding before the city council.
It is the general rule that in a certiorari proceeding "* * * the reviewing court is to ascertain from [the record of the lower tribunal] alone whether the inferior tribunal regularly pursued its authority, and thereupon pronounce judgment accordingly." Board v. Handley, 105 Colo. 180, 95 P.2d 823 (1939). However, there are exceptions to this rule. In certain circumstances which we believe to be present in this case, a court, even in a certiorari proceeding, should order a remand to the administrative agency on clear-cut issues involving documentary evidence. In the instant case, such a course would appear to be dictated because the record shows that the City Council acted capriciously and arbitrarily in failing to make specific findings concerning boundaries of Greenwood Village in the territory immediately contiguous to the territory to be annexed.
In Van De Vegt v. Commn'rs, 98 Colo. 161, 55 P.2d 703 (1936), we noted that capricious or arbitrary exercise of discretion can arise where a board neglects to use reasonable care in procuring such evidence as it is authorized by law to consider. No reason appears why this rule should not apply to a city council when it is attempting to employ or administer The Municipal Annexation Act of 1965.
In the instant case, the city council implicitly was authorized to consider all competent evidence with regard to the contiguity requirement simply by virtue of the fact that it had to make a finding thereon under section 139-21-9(1) (b). Under the rule stated above, however, it also was under a duty to use reasonable diligence in searching for and procuring such evidence. At the hearing before the city council of Greenwood Village, the town clerk made a general statement concerning the contiguous boundary lines. The boundary of the 220-acre tract noted above was included within this description of the contiguous boundary. The town clerk stated that the description was based upon maps made by the "county surveyor." The map presented, however, did not certify the boundaries of the city, but purported to show the platted areas within the territory to be annexed and the outer boundaries of such territory.
Thereafter, plaintiff Johnston called attention to the city council that a certain portion, i. e., 990 feet of Holly Streetthe western boundary of the proposed annexed territorywas specifically shown as not being within the boundaries of Greenwood Village on the records and maps of the Colorado Highway Department and Arapahoe County Planning Department and Highway Department, this portion apparently being a section of the boundary of the 220-acre tract. After this contention was made, a reasonably diligent council should have inquired into the matter to determine if there was a difference in boundaries shown on the maps, and, if so, determined why such a difference existed and which map was correct. More evidence concerning the true city limits of the Village was in the town records and could show the true contiguous boundary. City Council also could and should take cognizance of its own assessment and tax records whether the questioned property was within the town. Resolution of the absolute factual existence of the one-sixth contiguity requirement imposed under section 139-21-3(2), supra, was mandatory.
There is no indication in the transcript of the public hearing before the city council, in the minutes of the city council meeting wherein the annexation was discussed, or in the resolution which resulted from that meeting, that the board ever specifically investigated the proferred evidence regarding the exclusion of the 220-acre tract from incorporation into the city. Indeed, the minutes and resolution contain only the barest of conclusory statements. These do not rise to the dignity of the findings required. Blind refusal to consider the matter or to resolve the issue does not comport with the duty imposed on the *654 city council. We conclude, consequently, that the city council breached its duty by failing to be reasonably diligent in procuring evidence upon which to base its finding, and we therefore hold that the annexation resolutionabsent the requisite findings was arbitrary and capricious.
A second issue presented in this case involves the question of whether the Arapahoe County district judge should have heard the certiorari proceeding below. Since the case must be remanded to the city council, and therefore, since it is possible that another review pursuant to section 139-21-15 may arise after council's action, we deem it advisable to clarify the point.
Section 139-21-15(1) (b), supra, reads:
"If the annexed territory is located within two or more counties, review proceedings may be brought in any district court having jurisdiction of any one of such counties. In all such certiorari proceedings under this article, the district court shall be presided over by a judge to be appointed by the chief justice of the supreme court of the state of Colorado, which judge shall not be from the judicial district in which the area proposed to be annexed is located nor from a judicial district contiguous thereto." (Emphasis added.)
Plaintiffs in error insist that an "outside" judge must be appointed in every review of an annexation proceeding "under this article". The use of the word "such," however, indicates that an "outside" judge need only be appointed when an annexation proceeding involves property in more than one county.
The fundamental rule of construction is to ascertain the intent of the legislature, and to give effect to every word of an enactment if possible. People v. Texas Co., 85 Colo. 289, 275 P. 896 (1929). To adopt the interpretation proffered by plaintiffs in error, however, would in effect be to render the word "such" meaningless.
Any other interpretation also would result in an anomaly. Under section 139-21-15(1) (a), supra, the district court, composed of all of the district judges, is granted jurisdiction to hear an appeal from an annexation proceeding if the county wherein the annexed territory is located is in the judicial district. Were we to hold, therefore, that an "outside" judge must be appointed in all annexation proceedings, the grant of jurisdiction under section 139-21-15(1) (a), supra, would be entirely nullified. It follows, therefore, that the construction proffered by plaintiffs in error cannot be adopted. An "outside" judge should not be appointed in the instant case because the territory proposed to be annexed is all located within the same county.
The judgment is reversed and the cause remanded to the district court to remand to the city council for further proceedings consistent with the views expressed herein.