No. 26210

The City of Colorado Springs, Colorado, a Municipal Corporation; Andrew Marshall, as Mayor of the City of Colorado Springs; and Betty F. Krouse, Luis A. Cortez, Richard E. Dodge, Laurence D. Ochs, Leon Young, Donald E. Willman, Fred A. Sondermann and Michael C. Bird, as members of the City Council of the City of Colorado Springs, and collectively as the City Council of the City of Colorado Springs, Colorado v. The District Court in and for the County of El Paso, State of Colorado, and William E. Rhodes, a Judge of said Court

(519 P.2d 325)

Decided February 19, 1974.

178

Gordon D. Hinds, City Attorney, James G. Colvin II, Assistant, for petitioners.

Isaac and Walsh, Robert M. Isaac, Richard K. Walsh, for respondents.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

This original proceeding, in the nature of prohibition, was filed by the City of Colorado Springs, seeking an order which would prohibit the district court of El Paso County from enforcing an order directed to city council members and ordering discovery of facts relating to the denial of a rezoning application. We issued a rule to show cause and now make the rule absolute.

Doctors' Hospital Associates, a Colorado limited partnership, held an option to purchase real property upon which it intended to construct hospital facilities, including doctors' offices, pharmacies, and clinics. A zoning change was required if hospital facilities were to be constructed. Accordingly, an application to the Colorado Springs planning department for a change of zoning was filed. The city planning commission, by a four-to-three vote, recommended that the application be approved. Thereafter, the Colorado Springs city council, by a five-to-four vote, disapproved the application and denied the requested zoning change.

As a result of the city council's action, Doctors' Hospital Associates filed a petition for review with the El Paso County district court under C.R.C.P. 106. The petition alleged that the city council had acted arbitrarily and capriciously, abused its discretion, and failed to pursue its authority in a regular way. Shortly after the petition was filed, Doctors' Hospital Associates filed a "Notice to Take Deposition of Defendants." The City of Colorado Springs filed a "Motion for Protective Orders," and the district court granted the protective order until the nature and extent of the review permitted on certiorari was determined. Thereafter, the district court ruled that the city council was acting in a quasi-judicial capacity when it passed upon the application for rezoning. Based upon that ruling, the district court granted conditional and restricted discovery of the circumstances surrounding the acts which were alleged to be arbitrary and capricious. Subsequently, Doctors' Hospital

Associates submitted interrogatories to the city council. The city council objected to every question, except for one, on the grounds that Doctors' Hospital Associates was inquiring or probing into the mental processes or procedures by which the city council reached its decision. Doctors' Hospital Associates filed a motion to compel the city council to answer the interrogatories, and the district court ruled that, pursuant to C.R.C.P. 26, the interrogatories should be answered. The City of Colorado Springs then filed an original proceeding in the nature of prohibition in this court under C.A.R. 21(a).

Relief in the nature of prohibition is a proper remedy only in those cases where the district court is proceeding without or in excess of its jurisdiction or has abused its discretion in exercising its functions. C.A.R. 21(a); *Orcutt v. District Court,* 167 Colo. 162, 445 P.2d 887 (1968). The scope of inquiry granted to this court by C.A.R. 21(a) is, therefore, limited to examining the jurisdictional grounds upon which the district court acted to determine whether or not the district court exceeded its jurisdiction or abused its discretion. *Heckers v. District Court,* 170 Colo. 533, 463 P.2d 310 (1970); *City of Aurora v. Congregation Beth Medrosh Hagodol,* 140 Colo. 462, 345 P.2d 385 (1959).

District courts are specifically authorized to review alleged arbitrary action and abuses of discretion by city councils. C.R.C.P. 106(a) provides in part:

"(a) . . . In the following cases relief may be obtained in the district court by appropriate action under the practice prescribed in these rules:

. . . .

"(4) Where an inferior tribunal (whether court, board, commission or officer) exercising judicial or quasi-judicial functions, has exceeded its jurisdiction or abused its discretion, and there is no plain, speedy and adequate remedy."

In denying the requested zoning change, the city council was acting in a quasi-judicial capacity. *Dillon Companies, Inc. v. City of Boulder,* 183 Colo. 117, 515 P.2d 627 (1973). Therefore, the district court had the requisite jurisdiction to

decide the issues raised by Doctors' Hospital Associates in its petition for review. *See Turner v. City and County of Denver,* 146 Colo. 336, 361 P.2d 631 (1961).

■ The scope of review granted to the district court in C.R.C.P. 106(a)(4) proceedings, however, is strictly limited. The breadth of the district court's review " . . . shall not be extended further than to determine whether the inferior tribunal has exceeded its jurisdiction or abused its discretion." C.R.C.P. 106(a)(4).

The district court in this case initially found that the city council did not exceed its jurisdiction in denying the zoning change, but granted discovery rights to Doctors' Hospital Associates to permit exploration and development of the claims relating to abuse of discretion and arbitrary and capricious action by the city council. The central issue in this original proceeding is the scope of discovery permitted in a certiorari proceeding.

■ A "presumption of validity and regularity which supports the official acts of public officials and, in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *United States v. Chemical Foundation,* 272 U.S. 1, 47 S.Ct. 1, 71 L.Ed. 131 (1926); *P.U.C. v. District Court,* 163 Colo. 462, 431 P.2d 773 (1967). In the proceedings before the district court in this case, there were no facts presented which tended to indicate that the city council's zoning decision was irregular, invalid, arbitrary and capricious or the result of an abuse of discretion. Doctors' Hospital Associates merely alleged that the city council's procedure was discriminatory and improper. In the absence of some showing of facts, either in the petition for review or in the supporting affidavits, which would tend to indicate that the city council's action was arbitrary or an abuse of discretion, the district court's review under C.R.C.P. 106(a)(4) is limited to the record before it and may not be supplemented through discovery. *Board of Education v. District Court,* 174 Colo. 255, 483 P.2d 361 (1971); *Board of County Commissioners of Jefferson County v. Simmons,* 177 Colo. 347, 494 P.2d 85

182

(1972); *Johnston v. City Council of Greenwood Village,* 177 Colo. 223, 493 P.2d 651 (1972); *P.U.C. v. District Court, supra. See Dillon Companies, Inc. v. City of Boulder, supra.*

Since no basis was shown for discovery apart from bald conclusions of impropriety and discrimination, the district court abused its discretion under C.R.C.P. 106(a)(4) by granting discovery in this case. Accordingly, the rule to show cause is made absolute.