Frank HADLEY and Brian Baxter,
Plaintiffs-Appellants,

v.

MOFFAT COUNTY SCHOOL DISTRICT
RE-1, Moffat County, Colorado,
Defendant-Appellee.

No. 80CA1036.

Colorado Court of Appeals,
Div. I.

July 23, 1981.

Rehearing Denied Aug. 20, 1981.

Certiorari Granted March 1, 1982.

Law Offices of Larry F. Hobbs, Larry F. Hobbs, Denver, for plaintiffs-appellants.

Paul D. Renner, P. C., Paul D. Renner, John R. Rodman, Denver, for defendant-appellee.

COYTE, Judge.

Plaintiffs, Frank Hadley and Brian Baxter, appeal the granting of summary judgment by the trial court dismissing their complaint which they contend states a cause of action arising under 42 U.S.C. § 1983. We affirm.

Plaintiffs, who were non-tenured teachers, filed a complaint in the trial court against defendant school district alleging a claim for relief because of the decision by the school district not to renew plaintiffs' teaching contracts for the next school year. In seeking damages under 42 U.S.C. § 1983, plaintiffs allege that their teaching contracts for the ensuing year were in fact terminated and not renewed at least in part

"in retaliation for their participation in school district and community affairs" and that "[i]n terminating plaintiffs' employment because of their exercise of their federal and state constitutional rights, the defendants have acted in bad faith with malice toward the plaintiffs."

After filing their complaint plaintiffs noticed defendant in for the taking of depositions of the superintendent of schools, the former principal under which plaintiffs had served, the members of the board of education, and certain former members who had held that office at the time plaintiffs were not renewed. The school district moved for protective orders barring these depositions. The trial court allowed the taking of the deposition of the superintendent and the school principal but as to the board members and former board members, the court ordered that they "shall not be deposed until or unless the Plaintiffs make a proper preliminary showing as required by law and obtain an Order of Court modifying this Order."

Plaintiffs then filed a motion accompanied by affidavits of the plaintiffs, seeking to modify the court's protective order.

In their affidavits, plaintiffs recited that their principal had recommended renewal of their contracts, that they had requested hearings regarding their non-renewals but had been denied them, even though such hearings had been previously given to other teachers who had been non-renewed. They then alleged the receipt of an anonymously delivered note purportedly written to the superintendent from an administrative assistant in the school which note indicated that an effort was underway to prevent plaintiffs from remaining in the school system. However, each affidavit stated that the affiant could not vouch for the authenticity of the note but that it was "consistent with the school staff and local community view of the nonrenewal of my teaching contract." The Board filed a counter-affidavit by the purported writer of the note wherein he denied having written the note and also denied any knowledge of its origination. The trial court held that proper

showing had not been made and denied the motion to change its protective orders.

Plaintiffs on appeal contend that entry of summary judgment was improper in that there was a genuine issue of material fact to be tried by the jury and further maintain that they were entitled to take the depositions of the various board members so that they could inquire of the board members as to whether they considered the community activities of the plaintiffs in effecting the non-renewal of their teaching contracts.

As set out in *Durango School District No. R–9 v. Thorpe*, Colo., 614 P.2d 880 (1980), a nontenured public school teacher does not have a right to annual renewal of his teaching contract, and in order for such a teacher to assert a claim on constitutional grounds he must show that:

"his conduct was constitutionally protected and that it was a 'substantial' or 'motivating' factor in his employer's decision not to renew his employment; and (b) if the plaintiff makes this initial showing, the employer may avoid liability by demonstrating 'by a preponderance of the evidence that it would have reached the same decision as to [the plaintiff's] reemployment even in the absence of the protected conduct.'"

Here, the depositions of the superintendent and principal were attached to defendant's motion for summary judgment. The principal's testimony was to the effect that he had recommended plaintiffs for retention and did not know why they were not retained. The superintendent testified that the reason he recommended against renewal of the contract of both plaintiffs related solely to their ability as teachers in the school system and that although he was aware of plaintiff Hadley's involvement in a community matter from reading the newspapers, he had never discussed the matter with any of the board members. There were no affidavits or evidence presented by plaintiffs indicating that their teaching contracts were not renewed for any reason other than their deficiencies as teachers.

Nevertheless, plaintiffs contend that, had they been allowed to take the depositions of the board members, they could have shown that the board did not renew their teaching contracts because of their activities based on speech and association protected by the First and Fourteenth amendments.

The court, in issuing its protective orders, relied upon *Board of Education v. District Court*, 174 Colo. 255, 483 P.2d 361 (1971), where the factual situation was similar to the present case. There a teacher alleged that she had been denied her right of free speech which allegation would have supported a claim under 42 U.S.C. § 1983. There, deposing the members of the board of education was prohibited, and the Supreme Court stated that:

> " 'the only exception to this rule is where an allegation has been made and there is a clear showing of illegal or unlawful action, misconduct, bias or bad faith on the part of the [board] or a specific violation of the applicable statute.' "

The court further stated:

> "If we were to approve of the taking of these depositions, it would mean that on judicial review of any administrative decision the person seeking review could go on a similar 'fishing expedition.' "

Here, plaintiffs made no preliminary showing of any illegal or unlawful action, misconduct, bias, or bad faith on the part of the members of the school board and no showing of a violation of the provisions of 42 U.S.C. § 1983. Standing alone, § 1983 creates no independent substantive rights. *Espinoza v. O'Dell*, Colo., 633 P.2d 455 (1981). Accordingly, there was no basis for taking the depositions of these school board members.

■ As stated in *Ginter v. Palmer & Co.*, 196 Colo. 203, 585 P.2d 583 (1978):

> "Once a movant makes a convincing showing that genuine issues are lacking, C.R.C.P. 56(e) requires that the opposing party adequately demonstrate by relevant and specific facts that a real controversy exists."

There was no showing that the board, in deciding not to renew plaintiffs' contracts, had considered any factors other than their deficiencies as teachers in the school system.

Accordingly, the court properly granted summary judgment.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.