Deborah BEVSEK, Plaintiff-Appellant,

v.

HUERFANO SCHOOL DISTRICT RE–1,
Defendant-Appellee.

No. 84CA1198.

Colorado Court of Appeals,
Div. III.

May 1, 1986.

Rehearing Denied June 12, 1986.

Certiorari Denied Nov. 3, 1986.

Hobbs, Bethke & Associates, Larry F. Hobbs, William P. Bethke, Vonda G. Hall, Denver, for plaintiff-appellant.

Gary E. Hanisch, Walsenburg, for defendant-appellee.

METZGER, Judge.

Plaintiff, Deborah Bevsek, appeals the summary judgment entered in favor of defendant, Huerfano School District RE–1, in her action seeking relief in connection with the non-renewal of her teacher's contract. We affirm.

The uncontroverted facts are as follows. Plaintiff was employed by defendant as a non-tenured English teacher during the 1978–79 school year. In January of 1979, plaintiff requested maternity leave pursuant to a collective bargaining agreement entered into between defendant and the Walsenberg Classroom Teachers Association.

The collective bargaining agreement provided in pertinent part that:

"Maternity leave of absence without salary and fringe benefits shall be available to employees of School District RE–1. Provided required notice has been given of the teacher's intent to return to work, the District shall reinstate the teacher....

Maternity leave herein provided shall be so construed as to conform with any applicable State or Federal rules, regulations, statutes or guidelines and any part hereof found in conflict therewith shall be severed and the balance thereof shall remain in full force and effect."

Plaintiff complied with the procedural requirements of the collective bargaining agreement, obtained her maternity leave, and in March of 1980, sought reinstatement commencing in the fall of 1980. The School Board, as a result of financial difficulties, elected to terminate plaintiff's employment and that of the district's five other non-tenured teachers under the non-renewal statute. See § 22–63–110, C.R.S. (1985 Cum.Supp.). As a result, plaintiff commenced an action asserting five claims for relief: (1) breach of contract, (2) promissory estoppel, (3) violation of due process, (4) pregnancy discrimination, and (5) sex discrimination.

Prior to trial, plaintiff filed a motion for partial summary judgment on the contract and due process claims. Plaintiff admitted, during discussions on the day of trial, that the factual differences between the parties were "absolutely immaterial," and that the central issue of the case was the contractual relationship between plaintiff and defendant. After argument, the trial court entered summary judgment in favor of defendant on all of plaintiff's claims.

### I.

Plaintiff first contends that the trial court erred as a matter of law when it found that defendant did not breach its contract with plaintiff by voting not to renew her employment. Plaintiff argues that the plain meaning of the phrase "shall reinstate" in the collective bargaining agreement is sufficient to support her breach of contract claim. We do not agree.

The issue presented here requires a resolution of the meaning and application of the maternity leave provisions of the collective bargaining contract, and of the non-renewal power given to the school board pursuant to statute.

■ Words used in a document are to be given their plain and generally accepted meaning. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo.App.1981). In order to determine intent, a contract must be construed as a whole, and each provision must be given

effect if possible. *In re Application for Water Rights of Estes Park v. Northern Colorado Water Conservancy District*, 677 P.2d 320 (Colo.1984).

The collective bargaining agreement expressly provides that its maternity provisions shall be construed to conform with state or federal rules, regulations, and statutes. 45 C.F.R. § 86.57(d) (1985) provides that an "employee shall be reinstated to the status *which she held* when the leave began or to a comparable position, without decrease in rate of compensation or loss of promotional opportunities, or any other right or privilege of employment." (emphasis added) Also, the language of the collective bargaining agreement exhibits the parties' intent to reinstate a teacher "in a teaching position as nearly identical to the position left. . . ."

However, § 22–63–110, C.R.S. (1985 Cum.Supp.) gives the school board the unfettered right not to renew the contract of a non-tenured teacher, subject only to constitutional limitations. *See Hadley v. Moffat County School District RE-1*, 641 P.2d 284 (Colo.App.1981); *rev'd on other grounds*, 681 P.2d 938 (Colo.1984). By its terms, the collective bargaining agreement is likewise subject to provisions of this statute.

■ Construing the language of the collective bargaining agreement in conjunction with the applicable state and federal statutes, we find no support for plaintiff's breach of contract claim. Plaintiff had a right under the collective bargaining agreement to reinstatement, and that right was independent of her status as a tenured or non-tenured teacher. However, upon reinstatement, the plain language of the collective bargaining agreement shows that she had a right only to return to a position identical or similar to the one she held prior to her maternity leave. She acquired no additional rights. Therefore, plaintiff returned to work as a non-tenured teacher and, as such, could lawfully be subject to the non-renewal of her employment by defendant under the provisions of § 22–63–110, C.R.S. (1985 Cum.Supp.).

Accordingly, the trial court's entry of summary judgment as to this issue was proper.

## II.

 Plaintiff next contends that the non-renewal of her employment by defendant deprived her of a property interest without due process of law. She argues that the collective bargaining agreement guaranteed her one additional year of employment, and that this right was denied without due process. This argument is without merit.

Plaintiff is only guaranteed reinstatement to the same position, with the same attendant rights, that she enjoyed prior to taking maternity leave. Consequently, plaintiff remained a non-tenured teacher and, by virtue of *Hadley v. Moffat County School District RE-1, supra,* does not have a property right to reappointment.

Thus, the trial court correctly entered summary judgment as to this issue.

## III.

Plaintiff's remaining contention is without merit.

Judgment affirmed.

VAN CISE and KELLY, JJ., concur.