**Judith WATSON, Plaintiff–Appellant and Cross–Appellee,**

v.

**EAGLE COUNTY SCHOOL DISTRICT RE–50, Defendant–Appellee and Cross–Appellant.**

No. 87CA1098.

Colorado Court of Appeals, Div. III.

March 29, 1990.*

Rehearing Denied May 10, 1990.

Certiorari Denied Sept. 24, 1990.

* Prior Opinion announced January 11, 1990 was    Withdrawn.  Petition for Rehearing Granted.

William P. Bethke, Denver, for plaintiff-appellant and cross-appellee.

Grant, Bernard, Lyons & Gaddis, Richard N. Lyons, II, Longmont, for defendant-appellee and cross-appellant.

Opinion by Chief Judge KELLY.

This action is premised on the allegation that, in retaliation for the exercise of her First Amendment rights, the employment contract of plaintiff, a nontenured teacher, was not renewed. The plaintiff, Judith Watson, appeals the directed verdict entered in favor of the defendant, Eagle County School District. The defendant cross-appeals the denial of its attorney fees. We reverse and remand for a new trial.

The plaintiff taught a journalism class which published a school newspaper at Eagle Valley Middle School. One issue of the paper contained two articles which the principal, Robert Torrie, felt portrayed the school in a negative light. Torrie expressed his concerns about these articles to the plaintiff and asked that a retraction be printed. Instead of a retraction, the next issue contained a report of an interview with Torrie in which he responded to the articles.

During the following school year, the plaintiff was reprimanded by Torrie on several occasions, and in his evaluations of her, Torrie noted several areas in which he asserted that she needed improvement. At the end of the year, Torrie recommended that the plaintiff's contract not be renewed, and the school district superintendent agreed. The Board of Education ultimately voted to adopt that recommendation.

The plaintiff, believing that retaliation for the "newspaper incident" motivated Torrie's negative evaluations and his nonrenewal recommendation, requested the Board to reconsider its decision. The Board declined to do so.

The plaintiff then filed this complaint pursuant to 42 U.S.C. § 1983 (1982) claiming deprivation of her First Amendment rights by the allegedly retaliatory nonrenewal. At the close of the plaintiff's case, the defendant moved for a directed verdict arguing that the plaintiff had not shown that her allegedly constitutionally protected activities were the motivating factor in the Board's decision not to renew her contract. The trial court directed a verdict for the defendant, but denied the defendant's request for attorney fees pursuant to 42 U.S.C. § 1988 (1982).

We agree with the plaintiff that the trial court erred by granting a directed verdict in favor of the defendant.

■ A nontenured teacher does not have the right to annual renewal of her contract, and a reason for nonrenewal need not be specified. *Durango School District No. 9-R v. Thorpe,* 200 Colo. 268, 614 P.2d 880 (1980). Nevertheless, a decision of nonrenewal may not be based on the teacher's exercise of constitutionally protected rights. *Hadley v. Moffat County School District RE-1,* 681 P.2d 938 (Colo.1984).

■ A teacher who claims that her nonrenewal was retaliatory has the burden of proving that her conduct was constitutionally protected and that it was a substantial or motivating factor in the school board's decision not to renew her contract. *Had-*

*ley, supra;* *Heywood v. Thompson School District R2–J,* 703 P.2d 1308 (Colo.App. 1985).

■ We do not agree with the Board's argument that the plaintiff failed to show that her conduct in printing the articles, in refusing to retract them, and in advising her students of their right to refuse to retract them was constitutionally protected.

■ Academic freedom is within the protections of the First Amendment. *Keyishian v. Board of Regents,* 385 U.S. 589, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967); *State Board for Community Colleges & Occupational Education v. Olson,* 687 P.2d 429 (Colo.1984). This includes a teacher's interest in choosing a particular pedagogical method for a course, so long as the course is part of the school's official curriculum and the teaching method serves a demonstrable educational purpose. *State Board for Community Colleges & Occupational Education v. Olson, supra.*

The plaintiff's class, "School Newspaper," was part of the school's official curriculum, and it was the plaintiff's responsibility to teach her students about the legal concepts applicable to journalism. Accordingly, her conduct was constitutionally protected.

■ Nor do we agree that the plaintiff did not present evidence that her protected conduct was a substantial or motivating factor in the Board's nonrenewal decision.

The plaintiff testified that, after the newspaper incident, she received several memoranda from Torrie criticizing her for minor incidents. For example, one criticized her for using school stationery to send a memo concerning a district-wide matter to each of the other district schools. In another, the plaintiff was reprimanded for a practice commonly engaged in by all the teachers—getting coffee during her before-school supervision of the students.

Furthermore, prior to the newspaper incident, Torrie had evaluated the plaintiff's work as meeting or exceeding expectations. In his final evaluation of her, Torrie rated the plaintiff as "not meeting expectations," the lowest possible rating, in one area, and as "needing some improvement," the second-lowest rating, in two areas. In the other twenty areas on the evaluation, the plaintiff met or exceeded expectations. This evaluation was the ostensible basis of Torrie's recommendation that the plaintiff's contract not be renewed.

From this evidence, the jury could infer, as argued by the plaintiff, that the critical memoranda were sent by Torrie to build a record that would justify his negative evaluation and would hide his true motive of retaliation for the newspaper incident.

■ The Board asserts that, even if Torrie's motive was retaliatory, his motive cannot be imputed to the Board. We do not agree.

Under 42 U.S.C. § 1983: "[A]ny person who … shall subject, or cause to be subjected, any person … to the deprivation of any rights, privileges, or immunities secured by the Constitution of the United States, shall … be liable to the party injured.…"

■ A local government is subject to liability under § 1983 only if its employees, acting in furtherance of official policy, inflict the plaintiff's injury. *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The challenged action must have been taken pursuant to a policy adopted by an official with final policymaking authority in that area. *Pembaur v. Cincinnati,* 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986).

In Colorado, the power to terminate the employment of teachers is vested in each school district's board of education, § 22–32–110(1)(h), C.R.S. (1988 Repl.Vol. 9), and the board may not delegate that authority. *See Fremont RE–1 School District v. Jacobs,* 737 P.2d 816 (Colo.1987); *Big Sandy School District No. 100–J v. Carroll,* 164 Colo. 173, 433 P.2d 325 (1967). *But see Price v. Boulder Valley School District R–2,* 782 P.2d 821 (Colo.App.1989).

Here, the individual Board members testified that it was their policy to rely on the

personnel recommendations of school administrators "heavily," "very heavily," "90 per cent," or "100 per cent." Moreover, when confronted with the plaintiff's allegations concerning Torrie's motivation, the Board did not question her or investigate her allegations. Instead, it met in closed session with Torrie for five to ten minutes, then announced that its decision of nonrenewal would stand.

The jury could infer from this evidence that the Board delegated its authority regarding personnel matters to its administrators and that, consequently, Torrie's retaliatory motive, if any is found by the jury, may be imputed to the Board.

Because there are questions of fact for the jury to determine, the trial court erred by granting a directed verdict in the defendant's favor. *See Smith v. Denver*, 726 P.2d 1125 (Colo.1986).

In light of this disposition, we do not address the issue raised by the defendant's cross-appeal.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.

NEY and DAVIDSON, JJ., concur.