Bruce C. BERNSTEIN, Timothy R. Arnold, James W. Wilson, Jacqueline Vermeulen, Michael B. Gorham, Bruce M. Douglas, Arthur G. Staliwe, Chris J. Eliopulos, James E. Dotson, Donald J. Fisher, Jr., Edward A. Turrou, Michael Greenstein, John D. McDowell, Melvin S. Goldberg, William O. Purnell, Ruthmary T. Fabiano, William E. McCarthy, John E. Archibold, Feay Burton Smith, Jr., William J. Baum, Francis L. Bury, Fred B. Dudley, Robert S. Ferguson, Richard G. Fisher, John V. Fitzsimmons, Dale A. Gerlach, James A. May, Bonner E. Templeton, Charles S. Thomas, Kenneth T. Eichel, Richard Susman, Newton Beckett, Phillip A. Spencer, Samuel H. Collins, James L. Carpenter, Peter L. Dye, Richard T. Goold, Gordon F. Jorgensen, Paul L. Kubitcheck, Thomas R. Moeller, James H. Murphy, Plaintiffs-Appellants,

v.

Rudolph LIVINGSTON, Executive Director, Colorado State Department of Personnel; Colorado State Department of Personnel; The State Personnel Board; Thornley B. Wood and Lincoln L. Baca; and Thomas V. Hollan, Billy Shuman, A. H. Jewell, Jr., James R. Willis, Thomas W. Gibb, Dennis J. Sousa, M. E. Huotari, and Steven V. Berson, Defendants-Appellees.

No. 80CA0851.

Colorado Court of Appeals, Div. II.

June 4, 1981.

Rehearing Denied July 9, 1981.

**520**

Michael R. Homyak, Denver, for plaintiffs-appellants.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Deanna E. Hickman, Asst. Atty. Gen., Denver, for defendants-appellees.

VAN CISE, Judge.

Plaintiffs are lawyers employed in various capacities in this state's personnel system. They appeal the trial court's reversal of a determination of the State Personnel Board (the board) and the court's order remanding the matter to the board with instructions to remand to the Executive Director of the Department of Personnel (the director) for further proceedings to determine the salaries to be paid to plaintiffs, among others, for the salary year July 1, 1977, through June 30, 1978. We affirm.

The director is required to establish a pay plan for employees within the personnel system. Section 24–50–104(6), C.R.S.1973. In early 1977, the director conducted the annual survey of salaries for various "key classes," Which survey is used to establish salaries for all employees within the personnel system. See § 24–50–104(5)(a), C.R.S. 1973. Included in that survey was the key class Assistant Solicitor General I-C, from which salaries for employees in the "legal series" were determined. In making the survey, the director "shall include a fair sample of public and private employments in what [the director] determines to be the competitive labor market area for various key classes, including areas of the state which are outside the Denver metropolitan area." Section 24–50–104(5)(b), C.R.S.1973. Here, however, the director apparently gathered salary and job description data from approximately 36 other states, and, in compiling a salary array, selected the job within each state which was most comparable with Assistant Solicitor General I-C. Based on the survey, the director determined that there would be no salary increase for employees in the legal series for the salary year in question.

Plaintiffs appealed to the board for a determination of the validity of the data collected by the director in making his survey. See § 24–50–104(5)(c), C.R.S.1973. The board referred the matter to a hearing officer. See § 24–50–103(7), C.R.S.1973 (1980 Cum.Supp.).

The hearing officer conducted a hearing and issued his initial decision. He found that the director had incorrectly selected certain jobs as comparable in two states which were critical to the director's statistical determination of salaries for the legal series, and that, in fact, higher paying jobs in those states were more comparable. In addition, although a detailed examination of the data from only three states was made by the hearing officer, he found that a review of the data collected in preparation for the survey indicated that the director's decisions on comparable data from other states were "not immune from question and challenge." He also noted that the survey should have included salient information from the private sector in Colorado and opined that because reliable comparisons were difficult, use of Assistant Solicitor General I-C as a key class resulted "in an attempt to compare cucumbers and oranges." Based upon his substitution of comparable data which he found to be valid, the hearing officer determined that the subject key class, and, necessarily, employees in the legal series, were entitled to a salary increase.

The director appealed the hearing officer's decision to the board. The board, having no transcript before it, adopted the hearing officer's findings, including that the director had relied on invalid data in recommending no salary increase. However, the board did not adopt the hearing officer's conclusions of law, and concluded that the director was not arbitrary or capricious and that he had not abused his discretion in the method employed to determine the salaries for the subject key class. Concluding that the director had complied with all appropriate procedures, the board reinstated the director's decision.

Plaintiffs sought judicial review of the board's decision under C.R.C.P. 106 and § 24–4–106, C.R.S.1973. The court found that the board had adopted the hearing officer's finding that certain data was invalid. However, the court found that the board had acted in an arbitrary and capricious manner in then reversing the hearing officer and reinstating the director's decision. Furthermore, it found that the hearing officer had acted improperly in relating data he found to be valid to a pay plan after finding certain data to be invalid. According to the court, the proper ruling under § 24–50–104(5)(c), C.R.S.1973, would have been for the hearing officer or the board to remand the matter to the director with directions to eliminate the invalid data and resurvey as required, and the court ordered the board to enter such a remand.

Section 24–50–104(5)(c), C.R.S. 1973, provides:

"The state personnel director shall use valid statistical techniques, and, after collecting all appropriate data, shall review the data and shall determine whether it is valid. Any interested person who objects to the director's determination may appeal to the board. The board shall hold hearings on such data and shall exclude any data which it finds is clearly invalid. *In such event, the state personnel director shall resurvey as required and resubmit new data to the board.* If the resubmitted data is not valid, it may be disregarded. When the board finds that all survey data is valid, the state personnel director shall relate these data to a pay plan." (emphasis added)

On appeal, plaintiffs assert that the question to be answered is resurvey "*as required by whom?*" They contend that the board has the power to order or decline to order a resurvey. They also contend that because of the hearing officer's substitution of valid data, all survey data before the board was valid and the data had to be related to the pay plan without further resurvey. We disagree.

The purpose of requiring the director to conduct a survey is "[t]o determine comparable rates for salaries and fringe benefits prevailing in other places of public and private employment...." Section 24–50–104(5)(a), C.R.S.1973. In conducting the survey, the director must follow a certain methodology. *See* §§ 24–50–104(5)(a) and (b), C.R.S.1973. And, although the board reviews the actions of the director, *see*

*Spahn v. State Department of Personnel,* Colo.App., 615 P.2d 66 (1980), the statute requires the director to have administrative expertise. *See generally* § 24–50–102, C.R.S.1973. Furthermore, he has broad responsibilities, *see generally* § 24–50–104, C.R.S.1973, and his decisions are vested with a presumption of validity. *See, e. g.,* § 24–50–104(5)(c), C.R.S.1973 (board may only exclude *clearly invalid* data).

 Construing the statute as a whole, *see People ex rel. Dunbar v. Gym of America, Inc.,* 177 Colo. 97, 493 P.2d 660 (1977), we perceive that the phrase "the state personnel director shall resurvey as required" is not meant to refer to a power in either the board or the director to decide whether a resurvey is needed. Rather, because the use of invalid data will affect the director's statistical evaluation, upon the board's finding that the director has used data which is invalid, the director shall conduct a resurvey *in the manner* required by the statute. *Cf. Siebert v. Roth,* 118 Wis. 250, 95 N.W. 118 (1903). *See* § 24–50–104(5)(a) through (c), C.R.S.1973.

■ Therefore, because the hearing officer's finding concerning invalid data was binding on the board, the trial court correctly concluded that the board had no choice but to remand the matter to the director for elimination of the invalid data and preparation of a resurvey complying with the statutory purpose and procedure. *See* §§ 24–50–104(2) and (5)(a) through (c), C.R.S.1973.

Judgment affirmed.

PIERCE and STERNBERG, JJ., concur.