Steven V. Berson Executive Director Department of Personnel First Floor, State Centennial Bldg. 1313 Sherman Street Denver, CO 80203
Dear Mr. Berson:
I am writing in response to your request of August 23, 1982 for a formal legal opinion as to the validity of the order of the State Personnel Board directing the State Personnel Department to study and set the appropriate salary relationships of the disaster preparedness and implied consent specialists.
QUESTIONS PRESENTED AND CONCLUSIONS
Your inquiry raises specifically the following three questions:
1. Is the study ordered by the Personnel Board within its authority at C.R.S. 1973, 24-50-104(5)(c)(II) (Supp. 1981) to review the salary survey recommendations of the Personnel Department?
2. Is the approval of the Governor required pursuant to C.R.S. 1973, 24-50-104(5)(e) (Supp. 1981) before changes in pay grades can be implemented based on appeals of the Personnel Department's salary survey recommendation to the Personnel Board in accordance with C.R.S. 1973, 24-50-104(5)(c)(II) (Supp. 1981)?
3. Since the study recommendations will be made after the start of the fiscal year beginning July 1, 1982, are the changes in pay grades to be made effective July 1, 1982, or July 1, 1983?
 1. The Personnel Board is authorized pursuant to C.R.S. 1973, 24-50-104(5)(c)(II) (Supp. 1981), to order the resurvey.
 2. Under C.R.S. 1973, 24-50-104(5)(c)(II) and (e) (Supp. 1981), the approval of the Governor is not required before changes in pay grades are made based on appeals of the Personnel Department's salary survey recommendations.
 3. C.R.S. 1973, 24-50-104(5)(c)(II) (Supp. 1981), requires that the changes in pay grades be related to a pay plan, which has previously been submitted to the Governor and Joint Budget Committee and becomes effective on July 1. Since the pay plan in question became effective July 1, 1982, the changes in pay grades are to be effective on that date.
ANALYSIS
You have asked this office to interpret two subsections of C.R.S. 1973, 24-50-104(5) (Supp. 1981), which specify the procedures for the yearly salary survey of Personnel employees. Those two subsections are (c)(II) and (e). Subsection (c)(II) states that:
 Any person directly affected by the state personnel director's actions pursuant to paragraph (a) or (b) of this subsection (5) or this paragraph (c) may petition the board for review of the state personnel director's action within fifteen working days after the proposed pay plan has been released by the state personnel director. If the board decides to review the state personnel director's action, it shall do so in summary fashion, without referring it to a hearing officer, and on the basis of written material which may be supplemented by oral argument, at the discretion of the board. The state personnel director's action may be overturned only if the board finds it to have been arbitrary, capricious, unreasonable, or contrary to rule or law. Following review of the state personnel director's action taken under this paragraph (c), the board may exclude any data it finds invalid and may order resurveys as necessary. When the state personnel director finds that sufficient data exists, he shall relate the data to a pay plan.
Subsection (e) states:
 The state personnel director shall, by March 1 of each year, submit to the governor his final salary recommendations for the ensuing fiscal year, which report shall be published and shall include a detailed explanation of the methodology and conduct of the survey. Such report shall also include the average percentage salary increase for all employee classes as computed annually by the state personnel director. No later than the March 15 next following, the governor shall transmit the state personnel director's report and the governor's allowance for salary adjustments to the joint budget committee of the general assembly for inclusion as a separate item in the general appropriations bill, including with such transmittal all proposed reassignments of classes to pay grades, salary rates, or salary ranges as submitted by the state personnel director, which reassignments shall take effect at the start of the ensuing fiscal year. Any assignments or reassignments of classes to pay grades, salary rates, or salary ranges required by the creation of new positions or any duly authorized reorganization or change in work method shall be made effective, with the approval of the governor, on July 1. In order for the fiscal impact of any special salary survey or occupational study to be included in the annual general appropriations bill, the results of such survey or study must be submitted to the general assembly prior to March 1. Each such survey or study shall contain a detailed fiscal impact calculation by agency and department. The only exception to the July 1 date regarding assignment or reassignment of classes to pay grades, salary rates, or salary ranges, including those resulting from special salary surveys, shall be made in those urgent situations where personnel shortages will endanger the health and public safety of residents of the state of Colorado and where special salary surveys indicate that such assignment or reassignment of classes is necessary to provide salaries comparable to those prevailing in comparable kinds of employment. In such urgent situations, upon approval by both the governor and the state personnel director, such changes shall be able to be effective on the first of the month following such approval.
The Personnel Board issued its decision in Case No. 812-0-17 on June 29, 1982. The board's decision stated regarding the disaster preparedness and implied consent specialists that:
 The Board finds that these classes, occupied by approximately 6 employees, are in need of a study to set the appropriate relationships. The Board orders that such a study be done and the appropriate relationships set for 1981 survey implementation (effective July 1, 1982), with salary adjustments made as necessary.
1. and 2. Subsection (c)(II) empowers the Personnel Board to review those portions of the Personnel Department director's proposed pay plan which have been timely appealed to it. That subsection specifically authorizes the board to review actions taken by the director pursuant to subsection (5)(a) which states in pertinent part that:
 The state personnel director shall determine the relationships between key classes and all other classes and shall publish such relationships. In addition, he shall determine any changes in such relationships and shall publish such changes whenever they occur.
Immediately after the language in subsection (c)(II) giving the board power to order resurveys, the statute reads "When the state personnel director finds that sufficient data exists, he shall relate the data to a pay plan." Implicit in that language is that the data be related to the pay plan already submitted to the Governor and to the general assembly for appropriation pursuant to subsection (e). That latter subsection states that the transmittal of the proposed pay plan shall include "allproposed reassignments of classes to pay grades, salary rates, or salary ranges as submitted by the state personneldirector, which reassignment shall take effect at the start ofthe ensuing fiscal year.
Construing the statute as a whole, the language is clear that salary reassignments take place automatically without the concurrence of the Governor. See People ex rel. Dunbar v.Gym of America, Inc., 177 Colo. 97, 493 P.2d 660 (1972). Subsection (e) states that the only reassignment of pay grades which require the approval of the Governor are those changes "required by the creation of new positions or any authorized reorganization or change in work method. . . ." Such a special survey or occupational study must be submitted to the general assembly prior to March 1 before the start of a new fiscal year. Nothing in subsection (e) refers to subsection (c)(II) appeals and implementation of such board-ordered resurveys. In addition, changes in such salary relationships are not based on the creation of new positions, authorized reorganization, or a change in work method. Any changes in relationships are based on the finding of the board that the data concerning those positions are invalid. See Bernstein v. Livingston,633 P.2d 519 (Colo.App. 1981). No approval of the Governor is required in such a situation.
3. You also asked about the implementation date of the resurvey results. The department's proposed pay plan went into effect on July 1, 1982. Since this office has found that the resurvey results are to be related to the pay plan already in effect and that the Governor does not need to approve change in relationships ordered by the board in accordance with subsection (c)(II), the resurvey results also are to be effective July 1, 1982. This position is further supported by C.R.S. 1973,24-50-109, which states that:
 Within any fiscal year, no adjustment shall be made which will require expenditures greater than those for which appropriations have been made. Should funds made available for the payment of salaries be insufficient for the payment of the employees at the rate to which they are entitled under this part 1, the proper salary shall nevertheless be paid to all who are employed, and employees shall be separated in accordance with such deficiency.
(Emphasis added.)
That statute, when read in conjunction with section24-50-104(5)(c)(II) and (e), makes it clear that when expenditures exceed appropriations the proper salary, as found by the board under subsection (c)(II), shall be paid to employees. If insufficient funds exist as the result of the resurvey, employees are to be separated from state service in accordance with Colo. Const. art. XII, § 15; C.R.S. 1973, 24-50-124 (Supp. 1981); and the rules and regulations of the Colorado State Personnel System.
Finally, C.R.S. 1973, 24-10-113.5 (Supp. 1981), provides a procedure for requesting appropriations from the general assembly when a money judgment has been obtained against the state. That statute requires the attorney general to report to the speaker of the house of representatives and the president of the senate the amount of the money due in satisfaction of the judgment. Therefore, any moneys owed to employees as the result of successful appeals of the proposed pay plan are due as of the effective date of the pay plan in question. In the present case, that date is July 1, 1982.
SUMMARY
In conclusion, it is my opinion that the Personnel Board is authorized pursuant to section 24-50-104(5)(c)(II) to order that the salary resurvey results be implemented without the concurrence of the Governor. That statute and section 24-50-104(5)(e) when read together imply that the approval of the Governor is not required before changes in pay grades are made as a result of an appeal of the Personnel Department's salary survey recommendations. Finally, subsection (c)(II) requires that changes in pay grades be related to a pay plan which has previously been submitted to the Governor and Joint Budget Committee and becomes effective July 1 next. Since the pay plan in question became effective July 1, 1982, the changes in pay grades as the result of any resurvey also are to be effective on that date.
Very truly yours,
 J.D. MacFARLANE Attorney General
EMPLOYEES, PUBLIC GOVERNOR SALARIES
C.R.S. 1973, 24-50-104(5)(c)(II) and (e) (Supp. 1981)
PERSONNEL, DEPT. OF Salary Div. State Personnel Bd. GOVERNOR, OFFICE OF
It is my opinion that the Personnel Board is authorized pursuant to section 24-50-104(5)(c)(II) to order that the salary resurvey results be implemented without the concurrence of the Governor. That statute and section 24-50-104(5)(e) when read together imply that the approval of the Governor is not required before changes in pay grades are made as a result of an appeal of the Personnel Department's salary survey recommendations. Finally, subsection (c)(II) requires that changes in pay grades be related to a pay plan which has previously been submitted to the Governor and Joint Budget Committee and becomes effective July 1 next. Since the pay plan in question became effective July 1, 1982, the changes in pay grades as the result of any resurvey also are to be effective on that date.