Chris J. ELIOPULOS; Arthur Barry; James Willis; Albert Jewell; John E. Archibold; William J. Baum; Burton Smith; Richard Fisher; Kathleen Robinson; Russell Stanley; Paul Tochtrop; Edward Frayle; Samuel Collins; Pamela Musgrave; Richard Searles; Alan J. Boisvert; David P. Dindinger; George K. Damas; George C. Dunn; Michael A. Kennedy; George D. Kides; Lonnie F. Kime; Martin J. Krist; Gregory L. Rowe; Philip E. Seymour; Eugene R. Smith; Cheryl Cook; Karen Pedersen; Deborah Vincent; Verna Sommers; Lorene Gruzdis; Dennis Allen; Gerald Allen; Clyde Stanley Bentley; Carolyn Bircher; Walter Black; Ferne Marie Blewitt; Laurence C. Briggs; Gerald Lee Claassen; Edgar Danielson; Patrick H. Davies; Christopher J. Downs; Thomas E. Einboden; Dorothy German; Pamela L. Harvey; William F. Howland; Geraldine Hubler; William P. Rogers; Robert K. Rosette; R. Wayne Skeen; Verna Somers; Michael W. Sullivan; Paul Gilbert Torres; Paul M. Trimble; George Tung; Frank Vallero; George Wilkerson; and Frank Wood, Plaintiffs-Appellees,

v.

COLORADO STATE PERSONNEL BOARD; Randall C. Mustain-Wood; Tucker K. Trautman; Lincoln L. Baca; Raymond C. Delisle; and Jan Knoop, in their official capacities as and constituting the members of the Colorado State Personnel Board; Colorado Department of Personnel; and Steven V. Berson, in his official capacity as the Executive Director of the Department of Personnel, Defendants-Appellants.

Nos. 84CA0214, 84CA0396.

Colorado Court of Appeals,
Div. III.

July 11, 1985.

As Modified on Denial of Rehearing
Aug. 15, 1985.

Chris J. Eliopulos, Denver, pro se.

Chris J. Eliopulos, Denver, for plaintiffs-appellees Arthur Barry, James Willis, Albert Jewell, John E. Archibold, William J. Baum, Burton Smith, Richard Fisher, Kathleen Robinson, Russell Stanley, Paul Tochtrop, Edward Frayle, Samuel Collins, Pamela Musgrave, and Richard Searles.

Sheila H. Meer, P.C., Sheila H. Meer, Denver, for plaintiffs-appellees Alan J. Boisvert, David P. Dindinger, George K. Damas, George C. Dunn, Michael A. Kennedy, George D. Kides, Lonnie F. Kime, Martin J. Krist, Gregory L. Rowe, Philip E. Seymour, and Eugene R. Smith.

Anthony J. Sturniolo, Denver, for plaintiffs-appellees Cheryl Cook, Karen Pedersen, Deborah Vincent, Verna Sommers, and Lorene Gruzdis.

James R. Gilsdorf, Denver, for plaintiffs-appellees Dennis Allen, Gerald Allen, Clyde Stanley Bentley, Carolyn Bircher, Walter Black, Ferne Marie Blewitt, Laurence C. Briggs, Gerald Lee Claassen, Edgar Danielson, Patrick H. Davies, Christopher J. Downs, Thomas E. Einboden, Dorothy German, Pamela L. Harvey, William F. Howland, Geraldine Hubler, William P. Rogers, Robert K. Rosette, R. Wayne Skeen, Verna Somers, Michael W. Sullivan, Paul Gilbert Torres, Paul M. Trimble, George Tung, Frank Vallero, George Wilkerson, and Frank Wood.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., John Milton Hutchins, First Asst. Atty. Gen., Denver, for defendant-appellant Colorado State Personnel Bd.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Kathryn J. Aragon, Asst. Atty. Gen., Denver, for defendants-appellants Colorado Dept. of Personnel and Steven V. Berson.

BERMAN, Judge.

Defendants, Colorado State Personnel Board (board), Department of Personnel (department), and its director, appeal from a trial court order granting plaintiffs partial summary judgment on their appeal from the department's 1982 salary and employee fringe benefit survey, and remanding the matter to the board with directions that it order the director to conduct a resurvey. We reverse.

Pursuant to statute, the director of personnel conducted a salary survey which included recommendations of salary adjustments for state employees. Plaintiffs, who were classified state employees, petitioned the board for review of the director's survey. The board held three working sessions to review the director's recommendations and invited comment from all interested parties.

The board accepted the director's survey and found that the director's action was not "arbitrary, capricious, an abuse of discretion, unreasonable, or contrary to rule or law." The board did find that the department had violated certain personnel rules by failing to publish in a timely manner the survey methodology, key classes, capsule descriptions, and class relationships. However, the board determined that no viable relief could be granted since the information had been published at the time the board's decision was rendered, but it ordered the department to comply with the publication rules when conducting subsequent surveys.

The plaintiffs initiated the present action in district court pursuant to § 24–4–106, C.R.S. After plaintiffs filed a motion for partial summary judgment, the court remanded the proceedings to the board ordering it to supplement its final agency actions with additional rulings and findings of fact. After the board issued its supplemental decision, plaintiffs renewed their motion for partial summary judgment. On November 14, 1983, the court, finding that the board had failed to make adequate findings of fact, granted the motion and remanded the case back to the board with directions

to order the department to conduct a resurvey.

On November 22, 1983, plaintiffs filed a motion to modify the court's order. On November 29, 1983, the trial court granted the department and board a 14-day extension in which to file a motion to reconsider, alter, or amend judgment. On December 13, 1983, the department filed the motion to reconsider. A second request for extension of time by the board was denied. Plaintiffs filed an objection to the department's motion to reconsider, and the court set all motions for hearing on February 8, 1984.

On February 8, 1984, plaintiffs withdrew their motion to modify. At the hearing, after oral argument, the trial court dismissed the department's motion to reconsider, finding that the court was without the jurisdiction to grant the 14-day extension which it had previously ordered.

Upon motion by the board, the separate appeals of the department and board were consolidated, and on March 15, 1984, this court granted a stay of the trial court's order pending resolution of this appeal.

On appeal, both the board and department argue that the trial court erred in concluding that the board failed to make sufficient findings of fact, in granting plaintiffs' motion for partial summary judgment, and in ordering a resurvey to be conducted by the department. The board further contends that its appeal was timely, and the department predicates additional error on the trial court's refusal to hear the department's motion for reconsideration.

I.

■ As a preliminary matter, we note that this court previously addressed the timeliness of the board's appeal when we denied plaintiffs' motion to dismiss. Accordingly, that ruling is the law of the case and further consideration of this issue would not be proper. *See Verzuh v. Rouse,* 660 P.2d 1301 (Colo.App.1982).

II.

Both the department and the board contend that the trial court erred in finding that the board failed to make sufficient findings of fact regarding its decision to uphold the director's salary survey recommendations. We agree.

Section 24–50–104(5)(c)(II), C.R.S., provides:

"Any person directly affected by the state personnel director's actions ... may petition the board for review.... *If the board decides to review the state personnel director's action, it shall do so in summary fashion,* without referring it to a hearing officer, and on the basis of written material which may be supplemented by oral argument, at the discretion of the board. *The state personnel director's action may be overturned only if the board finds it to have been arbitrary, capricious, unreasonable, or contrary to rule or law.* Following review of the state personnel director's action taken under this paragraph ..., the board may exclude any data it finds invalid and may order resurveys as necessary." (emphasis supplied)

The trial court found, however, that since the board did not make findings to indicate why the director's actions were upheld or why the plaintiffs' objections were overruled, the court could not conduct an adequate review of the administrative action pursuant to § 24–4–106(7), C.R.S.

■ We do not interpret § 24–50–104(5)(c)(II), C.R.S., as requiring the board to make specific and detailed findings of fact on each of the plaintiffs' complaints to withstand judicial scrutiny on review. Rather, the statute clearly provides for review in a "summary fashion," and states that the director's action may be overturned *only* if the board determines that it was "arbitrary, capricious, unreasonable, or contrary to rule or law."

■ There is a presumption of regularity and validity which attaches to proceedings conducted by administrative agencies, and, absent evidence to the contrary, it is presumed that such agencies have properly discharged their official duties.

*Hadley v. Moffat County School District RE-1,* 681 P.2d 938 (Colo.1984). The director's salary decisions are also vested with a presumption of validity. *Bernstein v. Livingston,* 633 P.2d 519 (Colo.App. 1981).

Here, the board in its supplemental decision, stated that it had again studied the salary survey recommendations issued by the director, that it had reviewed the exceptions of the employees and the plaintiffs' class series, and that it had taken into consideration the responses of the director to those exceptions. The board further found that the director's findings supported the salary survey results and that those findings were supported by substantial evidence. Hence, the board concluded that the survey was not arbitrary, capricious, unreasonable, or contrary to rule or law.

■ Section 24–4–106(7), C.R.S., governs judicial review of agency actions. In making its determination, the court is to consider the record as a whole. The absence of findings by the board is not fatal to its decision if there is evidence in the record to support the board's conclusion. *See Cooper v. Civil Service Commission,* 43 Colo. App. 258, 604 P.2d 1186 (1979). We are unable to determine, however, whether the board's decision to affirm the director's actions is supported by the record because the trial court specifically declined to review the record concluding that it had "no duty to search the record for findings which do not exist." We do not agree with the trial court's conclusion.

The trial court cannot refuse to review the record simply because of its voluminous nature. Nor can the trial court determine that the board's findings are arbitrary and capricious without examining the whole record. Accordingly, we reverse the trial court's order and remand the cause to the trial court to determine whether there is evidentiary support in the record when considered as a whole for the board's actions in affirming the director's salary survey recommendations and in concluding that the department's failure to timely publish the methodology did not result in irreparable harm.

### III.

Since we have determined that the trial court erred in finding that the board improperly reviewed the director's actions, we do not address the board's and the department's contention that the recent survey ordered by the court was improper, or the department's argument that the trial court erred in refusing to hear the department's motion to reconsider.

The judgment is reversed and the cause is remanded with directions to proceed in accordance herewith.

BABCOCK and METZGER, JJ., concur.