James E. GARNER, Plaintiff–Appellant,

v.

COLORADO STATE DEPARTMENT OF PERSONNEL and Colorado State Department of Revenue, Defendants–Appellees.

No. 90CA1458.

Colorado Court of Appeals,
Div. II.

Jan. 16, 1992.

Rehearing Denied Feb. 27, 1992.

Certiorari Denied Aug. 31, 1992.

James E. Garner, pro se.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge TURSI.

Plaintiff, James E. Garner, an unsuccessful applicant for the position of state lottery director, appeals from the district court judgment affirming the decision of an administrative appeals panel which upheld the action of the Department of Revenue in the selection and examination process conducted for that position. We affirm.

Administrative appeals concerning the selection and examination process for positions in the state personnel system are authorized and governed by § 24–50–112(3)(a), C.R.S. (1988 Repl.Vol. 10B), which also provides for judicial review of final action in such matters pursuant to § 24–4–106, C.R.S. (1988 Repl.Vol. 10A) of the state Administrative Procedure Act (APA).

In March 1989, plaintiff was notified by the Department of Revenue that his score on the written examination for the state lottery director position was not high enough to place him on the eligible list for that position. Plaintiff appealed the selection and examination process conducted for that position to the state personnel director, and his appeal was heard by a three-member administrative appeals panel. *See* § 24–50–112(3)(a).

The panel rejected each of plaintiff's specific arguments concerning the procedures followed in the administrative appeal process and concerning the content and conduct of the examination given. Rather, the panel ruled that it was not empowered to permit discovery of certain confidential examination materials which were denied to plaintiff and that the agency had followed acceptable practice in the development, conduct, and scoring of the examination. Thus, the panel upheld the agency action and ordered the examination results to stand, ruling that the actions of the agency were not arbitrary, capricious, or contrary to rule or law.

On judicial review, the district court affirmed the panel's decision, and this appeal followed.

## I.

Plaintiff first contends that he was improperly denied his right of discovery under the APA to certain examination-related materials in his administrative appeal. Plaintiff also contends, alternatively, that his due process rights were violated in the administrative appeal process by the denial of access to certain materials he requested, as well as by the lack of opportunity to call expert witnesses, to cross-examine witnesses, and to present rebuttal. We find no reversible error in the procedures followed here.

The nature and scope of administrative appeals concerning the selection and examination process is set forth in § 24–50–112(3)(a), which provides, in pertinent part, that such an appeal "shall be heard within sixty days" after receipt by the state personnel director and that the director or panel "shall *review* the appeal *in summary fashion* on the basis of written material, which may be supplemented by oral argument at the discretion of the director or panel." (emphasis added) Thus, this statutory scheme establishes only a limited and expedited appellate procedure for the conduct of selection and examination process appeals by the panel.

■ Consequently, although we agree with plaintiff that the summary review procedure of § 24–50–112(3)(a) conflicts with certain APA provisions governing the conduct of full evidentiary hearings before state administrative agencies, including the APA provisions concerning discovery and the presentation of evidence, nevertheless, we hold that such APA provisions do not apply to the conduct of selection and examination process appeals under § 24–50–112(3)(a). *See* § 24–4–107, C.R.S. (1988 Repl.Vol. 10A); *Colorado State Board of Medical Examiners v. Reiner*, 786 P.2d 499 (Colo.App.1989).

■ However, although plaintiff thus had no discovery rights under the APA in his administrative appeal, he nevertheless was entitled to have access to certain information in the administrative appeal process pursuant to the pertinent regulations of the state personnel director, which were prom-

ulgated as expressly authorized in § 24–50–112(3)(a). *See* State Personnel Director's Administrative Procedures, P10–3–1, et seq., 4 Code Colo.Reg. 801–2 (1987).

Under the director's regulations, each party to a selection and examination process appeal is required to file a written "position statement" for review by the panel, and the hiring agency is also required to provide the panel with "all the information and documentation which was relied on by the ... agency in making the decision being appealed." The regulations further provide that: "This information (except confidential examination material) shall be made available to the appellant by the agency for inspection prior to the time the appellant is required to file his written position statement." Administrative Procedure P10–3–12(B), 4 Code Colo.Reg. 801–2 (1987).

However, "confidential examination material," which includes "test questions, scoring keys and scores or results thereof," is required to be filed in a sealed envelope for review by the panel only, although the agency must also provide a list of such documents filed to all other parties to the appeal. Administrative Procedure P10–3–13(A) & (B), 4 Code Colo.Reg. 801–2 (1987).

Here, although plaintiff was provided with much of the information he requested concerning the examination he was challenging, he was denied access to certain information he sought in the administrative appeal process, including access to the answers submitted by any of the candidates for the position, certain scoring information, and parts of the "examination construction record."

■ The panel ruled that the materials denied to plaintiff were confidential, and we find no error in this ruling. To the contrary, based on our review of the record, we agree with the district court that plaintiff was provided with everything he was entitled to receive under the director's regulations because all of the information he was denied was "confidential examination material" exempt from disclosure to him under the director's regulations. *See* Administrative Procedures P10–

3–12(B) & P10–3–13(A), 4 Code Colo.Reg. 801–2 (1987); *see also* § 24–72–204(2)(a)(II), C.R.S. (1988 Repl.Vol. 10B) (Open Records Act provision authorizing denial of disclosure of "[t]est questions, scoring keys, and other examination data" in connection with an "examination for employment"); *Civil Service Commission v. Pinder*, 812 P.2d 645 (Colo.1991) (upholding denial of disclosure of promotional examination to party in interest under Open Records Act).

Plaintiff's reliance on *Martinelli v. District Court*, 199 Colo. 163, 612 P.2d 1083 (1980) in support of a contrary result is misplaced. In *Martinelli*, a civil action filed in district court, the supreme court, citing certain exemptions in the Open Records Act, held that it does not supplant discovery practice in civil litigation. However, here, plaintiff had no discovery rights which were inconsistent with the applicable provisions of the Open Records Act.

■ Plaintiff argues that the denial of access to the confidential examination material violated his due process rights in the administrative appeal. We disagree.

■ Although plaintiff's interests in prospective governmental employment, without more, may not have been entitled to the protection of procedural due process, when the state, as here, establishes a statutory and regulatory scheme imposing more stringent standards on itself than are otherwise required by the constitution, due process requires the government to adhere strictly to those standards. *Carpenter v. Civil Service Commission*, 813 P.2d 773 (Colo.App.1990) (holding that unsuccessful job applicant for governmental employment had due process right to meaningful administrative appeal of rejection when regulations established right to such appeal); *see Department of Health v. Donahue*, 690 P.2d 243 (Colo.1984).

Here, plaintiff was provided with all the information he was entitled to receive under the statutory and regulatory scheme governing selection and examination process appeals. Hence, plaintiff was afforded access to sufficient examination-related materials under the applicable regula-

tions here to satisfy his due process rights to a meaningful administrative appeal. *See Anderson v. Colorado State Department of Personnel*, 756 P.2d 969 (Colo.1988) (rejecting due process challenges to comparable expedited summary review procedures followed in administrative appeals authorized under provisions of former statute in connection with annual state employee salary and benefit surveys); *cf. Carpenter v. Civil Service Commission, supra* (agency failed even to disclose the reason for applicant's disqualification).

■ Similarly, we find no due process violation in the lack of opportunity for plaintiff to present expert testimony, to cross-examine witnesses, and to file a rebuttal position statement in his administrative appeal under the statutory and regulatory scheme followed here. *See Anderson v. Colorado State Department of Personnel, supra.*

■ However, as noted by plaintiff, it appears that the Department of Revenue did not file a sealed envelope containing the answers to the examination submitted by any of the candidates for the position, including plaintiff, for review by the panel in the administrative appeal here, in violation of the applicable regulations. *See* Administrative Procedures P10–3–12(B) & P10–3–13(A), 4 Code Colo.Reg. 801–2 (1987) (requiring the filing of all information relied on by the agency for review by the panel).

Nevertheless, we decline to reverse and remand on this basis because plaintiff did not raise any issues *before the panel* which would have required it to review the examination answers. Indeed, plaintiff also requested the panel to refuse to consider any information contained in the materials not provided to him. Under these circumstances, we conclude that this procedural violation constituted harmless error.

## II.

■ Plaintiff also contends that the panel used an improper standard of review in reaching its decision in his administrative appeal and that the burden of proof was

improperly placed on him in the administrative appeal. We disagree.

The standard of review applicable to the panel's determination of the administrative appeal is set forth in § 24–50–112(3)(a), which provides, in pertinent part, that: "The selection and examination process action may be overturned only if the director or panel finds it to have been arbitrary, capricious, or contrary to rule or law." Moreover, the allocation of the burden of proof in such administrative proceedings is set forth in the director's regulations, which provide that: "The appellant has the burden of proving that the actions appealed were arbitrary, capricious or contrary to rule or law." Administrative Procedure P10–3–8, 4 Code Colo.Reg. 801–2 (1987).

Thus, under the applicable statutory and regulatory scheme here, the burden of proof was properly placed on plaintiff to show the panel that the selection and examination process conducted for the state lottery director position was arbitrary, capricious, or contrary to rule or law. Section 24–50–112(3)(a); Administrative Procedure P10–3–8, 4 Code Colo.Reg. 801–2 (1987); *see Renteria v. Colorado State Department of Personnel*, 811 P.2d 797 (Colo. 1991) (holding that similar burden of proof was properly placed on appellant in administrative appeal brought under provisions of comparable statute concerning the allocation of positions in the state personnel system); *see also* § 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A) (APA provision requiring the proponent of an order to have the burden of proof in administrative proceedings).

■ Consequently, contrary to plaintiff's argument, there is no requirement under this standard of review that the *hiring agency's action* in a selection and examination process appeal be supported by "substantial evidence." Rather, as noted by the district court, the "substantial evidence" standard of review applies to *judicial* review of the *panel's* decision, not to the panel's review of the hiring agency's action in a selection and examination process appeal. *Compare* § 24–50–112(3)(a) and Administrative Procedure P10–3–8, 4 Code

Colo.Reg. 801–2 (1987) *with* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S. (1988 Repl.Vol. 10A).

### III.

We also reject plaintiff's arguments as to the merits of the selection and examination process action here.

Most of plaintiff's arguments on appeal before this court challenging the propriety of the selection and examination process conducted for the state lottery director position were not raised before the panel in the administrative appeal. Inasmuch as judicial review of an administrative agency determination is limited to the record before the agency, *Anderson v. Colorado State Department of Personnel, supra,* we decline to consider these arguments on appeal.

In addition, to the extent that plaintiff's arguments challenging the propriety of the hiring agency's actions here were raised in the administrative appeal and were rejected by the panel, we find no error in the panel's rulings.

The hiring agency's actions are vested with a presumption of regularity and validity, and, as noted above, plaintiff had the burden of showing that the hiring agency's actions were arbitrary, capricious, or contrary to rule or law. *See* Administrative Procedure P10–3–8, 4 Code Colo.Reg. 801–2 (1987); *Anderson v. Colorado State Department of Personnel, supra; Eliopulos v. Colorado State Personnel Board,* 705 P.2d 1035 (Colo.App.1985). And, we will not substitute our judgment for that of the panel as to the weight to be accorded to plaintiff's evidence and arguments challenging the propriety of the hiring agency's actions here.

To the contrary, we find ample support in the administrative record for the panel's rulings that the hiring agency followed acceptable practice in the development, conduct, and scoring of the examination and that the hiring agency's actions were not arbitrary, capricious, or contrary to rule or law. These rulings, therefore, will not be disturbed on review. *See Anderson v. Colorado State Department of Personnel, su-*

*pra; Renteria v. Colorado State Department of Personnel, supra.*

Accordingly, the district court properly upheld the panel's decision, and its judgment is affirmed.

JONES and ROTHENBERG, JJ., concur.