MONTROSE PROPERTIES, LTD., a Colorado general partnership; Durward W. Jadwin and Betty G. Jadwin; and Phillip W. Trumbo and Reda M. Trumbo, Petitioners-Appellants,

v.

BOARD OF ASSESSMENT APPEALS of the State of Colorado and the Montrose County Board of Equalization, Respondents-Appellees.

No. 85CA0923.

Colorado Court of Appeals, Div. I.

Jan. 29, 1987.

Rehearing Denied March 5, 1987.

Certiorari Denied (Montrose) June 15, 1987.

priate consideration of the cost approach, the market approach, and the income approach to appraisal."

■ All parties to this action agree that neither the income or market approaches were used in computing the assessed tax. However, the statute requires only that "appropriate consideration" be given to all three approaches. Therefore, because the BAA found that appropriate consideration was given to all three approaches, our review is confined to whether there is competent evidence to support the BAA's finding. *See* § 24-4-106(7), C.R.S. (1982 Repl. Vol. 10); *Board of County Commissioners v. Colorado Board of Assessment Appeals,* 628 P.2d 156 (Colo.App.1981).

■ Here, the record as a whole supports the finding that "appropriate consideration" was given to all approaches. A county assessor testified that the market approach was not used because there were no sales of like kinds of property within the county. Testimony indicated that this was a strong factor necessitating its exclusion. Therefore, "appropriate consideration" was used in determining that the market approach was not applicable.

Likewise, with regard to the income approach, the testimony established that sufficient information was not available to calculate properly the correct tax assessment. Therefore, again, the record as a whole supports the finding that "appropriate consideration" was given to the decision to exclude the income approach.

■ Impliedly, petitioner argues that "appropriate consideration" requires complete and documented calculations of each approach, and the reason for excluding those not used. We disagree because § 39-1-103(5)(a) further provides that:

"The assessor shall consider and document all elements of such approaches *that are applicable* prior to a determination of actual value." (emphasis added)

Therefore, the statute recognizes that some approaches may not be applicable, and thus, the elements of those approaches need not be considered and documented.

Sherman and Howard, Joseph J. Bronesky, Denver, for petitioners-appellants.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry Williams, Asst. Atty. Gen., Denver, Brooks, Miller & Brooks, John A. Brooks, Montrose, for respondents-appellees.

PIERCE, Judge.

Petitioners, Montrose Property, Ltd., the Jadwins, and the Trumbos, appeal the district court's affirmation of the Board of Assessment Appeals (BAA), which affirmed the tax assessment of petitioners' property. We affirm the district court.

This appeal concerns the tax assessment of three motels. Each motel was assessed an amount which was significantly higher than previous years.

Petitioners' primary contention is that the tax assessment was erroneously made because the assessor failed to comply with the statutory requirements of § 39-1-103(5)(a), C.R.S. (1986 Cum.Supp.). Specifically, they contend that "appropriate consideration" was not given to the income approach or market approach methods of evaluation. We disagree.

Section 39-1-103(5)(a), in pertinent part, provides that:

"The actual value of such property ... shall be that value determined by appro-

Accordingly, we find no basis to set aside the BAA's decision.

Judgment affirmed.

TURSI and CRISWELL, JJ., concur.