PLATINUM PROPERTIES CORPORATION, and Al J. Schechter, Plaintiffs-Appellants,

v.

The COLORADO BOARD OF ASSESSMENT APPEALS, and the Arapahoe County Board of Equalization, Defendants-Appellees.

No. 85CA0827.

Colorado Court of Appeals, Div. III.

April 9, 1987.

Hall and Evans, Eugene R. Commander and Marilyn Sterrenberg-Rose, Denver, for plaintiffs-appellants.

Peter Lawrence Vana III, Arapahoe County Atty., James E. Heiser, Asst. County Atty., Littleton, Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for defendants-appellees.

TURSI, Judge.

In this action concerning the valuation of real property for tax purposes, the taxpayer, Platinum Properties, Corp., appeals the judgment of the district court affirming the order of the State Board of Assessment Appeals (BAA). It contends the district court erred 1) by ruling the BAA did not abuse its discretion in excluding evidence of comparable sales in the Denver metropolitan area on the basis that such sales were closed after the base period, or involved stores outside Arapahoe County; 2) by ruling that the BAA's exclusion of admissible testimony and documents relating to prior year valuations of the property was not an error of sufficient magnitude to require a reversal of the BAA's order; and 3) by ruling that the BAA did not abuse its discretion in denying the taxpayer's request for subpoenas to conduct prehearing discovery. We reverse.

The taxpayer owns and leases to K–Mart certain real property and improvements located in Arapahoe County. It was notified the 1983 valuation of the property and improvements would be increased to $3,370,490. The taxpayer asserted that the 1983 value should be around $1,500,000, and appealed the valuation to the Arapahoe County Board of Equalization. The county board adjusted the valuation to $2,665,140.

At the BAA hearing on the taxpayer's appeal, the county showed its market and income approach appraisals were based on one sale of an Aurora K–Mart. The taxpayer presented expert testimony to support a lower appraisal based on a market approach appraisal using five store sales, one of which was the sale relied on by the county. The BAA ruled the other four sales would not be considered since it concluded that they were not during the base period or were outside the county. After the hearing, the BAA reduced the valuation of the property to $2,414,560. The district court affirmed the BAA's valuation.

I

The taxpayer asserts as error the BAA's refusal to admit evidence of sales of comparable properties in the Denver metropolitan area. We agree.

■ The BAA excluded evidence of a contract for a comparable sale that was

executed during, but not formally closed until after, the 24–month base period used in taxpayer's market approach appraisal. It based its limitation on § 39–1–103(8)(a), C.R.S. (as it existed at the time of the appraisal) which stated: "In order to obtain a reasonable sample and reduce sudden price changes or fluctuations, all sales shall be included in the sample which reasonably reflect a true or typical sales price during the twenty-four months preceding the date of the taking of the sample."

The taxpayer contends this language was not intended to limit the sample to sales completed during the period. Rather, it argues the General Assembly intended that any sales included from outside the time period reflect value as established during the base period. We agree that sales contracts formally agreed to during the base period, but that come to fruition, on the same terms, after the base period, fall within the statute as reflecting a true or typical sales price. Thus, it was an abuse of discretion for evidence of this sale to be excluded.

■ The BAA also excluded Denver metropolitan area comparable sales from the appraisal data because they were outside the county lines.

The Colorado Constitution mandates achievement of statewide uniformity in the valuation of commercial property. Valuation of real property for taxation shall be undertaken by "such methods and regulations as shall secure *just and equalized valuations....*" Colo. Const. art. X, § 3(1)(a) (emphasis added).

Furthermore, the accuracy of the market approach appraisal depends on valuation of property in the vicinity of the subject property. *May Stores Shopping Centers, Inc. v. Shoemaker*, 151 Colo. 100, 376 P.2d 679 (1962). The boundaries of the best appraisal vicinity will likely cross county lines, particularly in a metropolitan area. Therefore, exclusion of comparable sales in the same metropolitan area based only on the property sold being located in another county is also an abuse of discretion by the BAA.

■ This exclusion of other comparable sales from evidence was reversible error.

Section 24–4–106(7), C.R.S. (1982 Repl. Vol. 10). Since this matter must be remanded for rehearing, we will address the taxpayer's other contention which might arise at the new hearing.

## II

■ The taxpayer asserts the district court erred in concluding that no reversible error occurred by virtue of the BAA having improperly excluded certain documents and related testimony regarding prior year valuations of the property. The documents are notices of adjustment of valuation on the subject property for the years 1975 and 1976 from the Arapahoe County Assessor. The taxpayer sought their admission to support its expert's appraisal testimony and to cross-examine and impeach the county assessor's appraisal supervisor regarding the county's estimates for physical, economic, and functional obsolescence. The BAA rejected the documents as irrelevant to valuation of the property for the current year.

The district court ruled, and we agree, that the BAA erred by excluding this evidence. Evidence of past appraisals and their associated depreciation factors for this particular property is relevant to the current assessment, especially in view of the relaxed evidentiary standards of agency hearings. Section 24–4–105(7), C.R.S. (1982 Repl. Vol. 10); *Fueston v. City of Colorado Springs*, 713 P.2d 1323 (Colo. App.1985).

Since we are reversing on other grounds, we do not address the question of whether this error alone would require reversal, but direct that on rehearing this evidence is to be admitted.

## III

■ We reject taxpayer's contention that the district court erred in upholding the BAA's denial of its request for subpoenas to conduct prehearing discovery by depositions and production of documents from third parties. The BAA denied the taxpayer the subpoenas in the first instance and suggested it contact the Arapahoe County Board of Equalization and the Arapahoe County Attorney to obtain the information.

The BAA further stated it would reconsider the taxpayer's request if it were unable to obtain the information from these sources. The taxpayer presented no evidence that these sources refused to supply the information requested.

Section 24-4-105(4), C.R.S. (1982 Repl. Vol. 10) grants the BAA authority to order prehearing discovery and the decision whether to allow discovery is within the BAA's discretion. *Rosenberg v. Board of Education,* 710 P.2d 1095 (Colo.1985). We find no abuse of discretion in the BAA's denial of the taxpayer's discovery request since the taxpayer failed to pursue its suggested course of action to obtain the information.

The judgment is reversed and the cause is remanded with directions that the matter be remanded to the BAA for rehearing in accordance with the views stated in this opinion.

VAN CISE and CRISWELL, JJ., concur.