**E.E. SONNENBERG & SONS, INC.,** Petitioner–Appellant,

v.

**BOARD OF ASSESSMENT APPEALS OF the STATE of COLORADO and Logan County Board of Equalization,** Respondents–Appellees.

No. 86CA1531.

Colorado Court of Appeals,
Div. I.

Sept. 22, 1988.

Rehearing Denied Oct. 20, 1988.

Certiorari Granted (Board) Feb. 21, 1989.

Davis, Graham & Stubbs, Andrew M. Low, Denver, for petitioner-appellant.

Roger Nixt, Logan County Atty., Sterling, for respondent-appellee Bd. of Equalization.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Larry A. Williams, Asst. Atty. Gen., Denver, for respondent-appellee Bd. of Assessment Appeals.

PIERCE, Judge.

Plaintiff, E.E. Sonnenberg & Sons, Inc. (Sonnenberg), appeals a judgment of the district court affirming the decision of the Board of Assessment Appeals (Board) regarding the assessed value of its feedlot improvements for the 1985 tax year. Plaintiff asserts that the district court erred in ruling that it was not necessary for the Board to consider the market and income approaches to appraisal. We reverse.

The district court approved the Board's conclusion that the assessor was unable to use the market approach in determining the value of the feedlot. That ruling was based on the impossibility of compliance with § 39–1–103(8)(d), C.R.S. (1987 Cum. Supp.) which requires that there be 30 sales of comparable properties within any county in order for that county to establish a sales ratio for properties within that county.

█ The Board's and district court's reliance on § 39–1–103(8)(d) is misplaced. Section 39–1–103(8) applies to sales ratio studies, not to market valuations. The appropriate requirements for the use of the market approach in establishing the value of specific parcels of property are found in Colo.Sess.Laws 1983, ch. 425, § 39–1–103(5)(a) which provides in pertinent part that:

> "The actual value of such property ... shall be that value determined by appropriate consideration of the cost approach, the market approach, and the income approach to appraisal."

█ Since there were no other feedlots in Logan County, Sonnenberg offered evidence of value of other feedlots located in Colorado and elsewhere. To fail to consider this evidence was an abuse of discretion by the Board. Section 24–4–106(7), C.R.S. (1982 Repl.Vol. 10). *Platinum Properties Corp. v. Colorado Board of Assessment Appeals,* 738 P.2d 34 (Colo.App.1987).

█ Furthermore, the assessor gave no consideration to other methods of valuation because of financial and time constraints. The evidence therefore does not support a finding, as urged by defendant, that *appropriate* consideration was given to all three approaches. *Cf. Montrose Properties, Ltd. v. Board of Assessment Appeals,* 738 P.2d 396 (Colo.App.1987).

█ Sonnenberg also contends that the district court erred in concluding that the Board properly excluded evidence concerning feedlot assessments in nearby counties. The district court ruled that the evidence of

other assessments was irrelevant as it failed to satisfy the requirements of § 39–1–103(8). We agree that this was error because the evidence of how assessors assess feedlots in other counties was relevant to the assessment of the Sonnenberg property under the requirements of 39–1–103(5)(a).

The judgment is reversed and the cause is remanded with directions that the matter be remanded to the Board for rehearing in accordance with the views expressed herein and for reassessment of the taxes.

CRISWELL and REED, JJ., concur.