Daniel **WEINGARTEN**, Petitioner–Appellant,

v.

**BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO,** Appellee,

and

**Adams County Board of Equalization,** Respondent–Appellee.

No. 93CA0695.

Colorado Court of Appeals, Div. III.

May 19, 1994.

Pamela J. Fair, Denver, for petitioner-appellant.

Gale A. Norton, Atty. Gen., Stephen K. Erkenbrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for appellee Bd. of Assessment Appeals.

Robert J. Loew, County Atty., Clifton D. Hypsher, Asst. County Atty., Brighton, for respondent-appellee Adams County Bd. of Equalization.

Opinion by Judge TAUBMAN.

In this property tax case, petitioner, Daniel Weingarten (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) which denied his challenge to the val-

uation placed on his commercial property by respondent, the Adams County Board of Equalization (BOE), for the 1992 tax year. We affirm.

The subject property, a shopping center in Thornton, was valued at $3,500,000 by the county assessor for the 1992 tax year. After taxpayer's protest to this valuation was denied by the BOE, taxpayer appealed to the BAA, contending that the actual value of the subject property was $2,500,000.

At the *de novo* evidentiary hearing before the BAA, taxpayer presented evidence in support of his valuation of the subject property through the testimony and the exhibits of his expert witness. The BOE, however, did not present any evidence at the hearing. Rather, it merely requested, over taxpayer's objection, that, in determining the matter before it, the BAA "take notice" of the BAA's previous decision concerning the valuation of the subject property for the 1991 tax year.

Following the hearing, the BAA ruled that taxpayer had presented insufficient evidence and testimony to prove that the county assessor improperly valued the subject property for the 1992 tax year. In making this determination, the BAA expressly considered both taxpayer's evidence and its own previous 1991 tax year decision concerning the valuation of the subject property, as requested by the BOE.

Specifically, the BAA noted that, in reaching its previous valuation determination for the 1991 tax year, it had placed considerable weight on the sale of the subject property within the applicable base period for $3,500,-000. *See* § 39–1–104(10.2), C.R.S. (1993 Cum.Supp.). The BAA further noted that there had been no substantial change in the subject property from the previous tax year and that taxpayer's expert did not include the base period sale of the subject property among the sales data he used in making his market approach valuation for the 1992 tax year. Accordingly, the BAA denied taxpayer's petition, and this appeal followed.

Contrary to taxpayer's argument, we perceive no impropriety in the BAA's consideration of its previous 1991 tax year decision in reaching its determination in this matter.

Initially, we note that, because the 1991 and 1992 tax years are both included in the same biennial reassessment cycle, property tax valuations for each of these tax years are to be determined with reference to the same applicable base period. *See* § 39–1–104(10.-2); *see also Cherry Hills Country Club v. Board of County Commissioners,* 832 P.2d 1105 (Colo.App.1992). It is also undisputed that the county assessor followed the BAA's previous decision as to the 1991 tax year in valuing the subject property at $3,500,000 for the 1992 tax year. *See* § 39–1–103(15), C.R.S. (1993 Cum.Supp.).

■ Evidence of property tax valuations of the subject property for prior tax years is relevant to the valuation issues concerning the current tax year, especially where, as here, the prior tax year is in the same reassessment cycle and the valuation is determined using the same base period. *See* § 39–1–104(10.2); *24, Inc. v. Board of Equalization,* 800 P.2d 1366 (Colo.App.1990); *Platinum Properties Corp. v. Colorado Board of Assessment Appeals,* 738 P.2d 34 (Colo.App. 1987).

■ Moreover, although the BOE did not offer the BAA's 1991 tax year decision into evidence at the hearing, the BAA had the authority, which it exercised, to take the requested notice of its previous decision. *See* § 24–4–105(8), C.R.S. (1988 Repl.Vol. 10A); *see also* BAA Rule 14, 8 Code Colo. Reg. 1301–1 (1990); CRE 201.

However, we also reject the implicit argument of the BOE and the BAA on appeal that the BAA's previous decision was conclusive, as a matter of law, against taxpayer's valuation position concerning the 1992 tax year absent a showing of "unusual conditions" by taxpayer pursuant to § 39–1–104(11)(b)(I), C.R.S. (1993 Cum.Supp.).

■ A previous valuation adjudication concerning the first year of a reassessment cycle is generally binding on a *county assessor* concerning the valuation to be placed on the property for the second year of the reassessment cycle absent such "unusual conditions." *See* § 39–1–103(15); *24, Inc. v. Board of Equalization, supra.* Nevertheless, we note that, regardless of any previous year's valua-

tion or the lack of any "unusual conditions," a *taxpayer* has the statutory right to challenge a property tax valuation for each tax year, including the second year of a reassessment cycle, under the protest and adjustment procedure, including possibly through *de novo* evidentiary proceedings before the BAA. *See* §§ 39–5–122(2) & 39–8–108(1), C.R.S. (1993 Cum.Supp.); *Resolution Trust Corp. v. Board of County Commissioners,* 860 P.2d 1383 (Colo.App.1993).

■ Thus, we conclude that, in such *de novo* evidentiary proceedings before the BAA concerning the second year of a reassessment cycle, as in this case, evidence concerning the previously adjudicated valuation for the first year of the reassessment cycle may properly be considered. *See Resolution Trust Corp. v. Board of County Commissioners, supra; 24, Inc. v. Board of Equalization, supra.* This evidence comports with the statutory scheme because, absent certain statutory exceptions or a challenge by a taxpayer, the assessor need not make an independent appraisal regarding the second year of a reassessment cycle, and the valuation of a taxpayer's property for both years of that cycle will be the same. *See Cherry Hills Country Club v. Board of County Commissioners, supra.*

Hence, in this case, the BAA's 1991 tax year valuation determination and the county assessor's identical 1992 tax year valuation determination were consistent with the statutory reassessment requirements. *See Gyurman v. Weld County Board of Equalization,* 851 P.2d 307 (Colo.App.1993); *Snyder Family Trust v. Adams County Board of Equalization,* 835 P.2d 579 (Colo.App.1992); *see also* BAA Rule 14, 8 Code Colo.Reg. 1301–1 (1990); § 24–4–105(7), C.R.S. (1988 Repl.Vol. 10A).

Further, we reject taxpayer's contention that, because his evidence in support of a lower valuation was not directly controverted here, the BAA was bound to accept it.

■ Rather, we note that the determination as to whether taxpayer presented sufficient evidence was a question of fact for the BAA to decide based on its evaluation of the evidence presented. And, in making that determination, the evaluation of the credibility of the witnesses and the weight, probative value, and sufficiency of all of the evidence were matters solely within the fact finding province of the BAA, whose decisions in such matters may not be displaced on appeal by a reviewing court. *Gyurman v. Weld County Board of Equalization, supra; Board of Assessment Appeals v. Colorado Arlberg Club,* 762 P.2d 146 (Colo.1988).

■ Moreover, the BAA, as the finder of fact, was not bound to accept as dispositive even the uncontroverted evidence of a single party, but could properly consider any reasonable inferences and circumstances tending to weaken or discredit such evidence. *See Snyder Family Trust v. Adams County Board of Equalization, supra; Walton v. Banking Board,* 36 Colo.App. 311, 541 P.2d 1254 (1975).

■ Here, as noted by the BAA, the failure of taxpayer's expert to have accounted for the base period sale of the subject property in making his valuation raised a serious question concerning the overall credibility of that valuation. And, although the BAA expressly considered all of taxpayer's valuation evidence in this matter, it did not find that evidence to be persuasive.

Thus, the BAA's factual determination will not be disturbed on review. *See Snyder Family Trust v. Adams County Board of Equalization, supra* (similarly upholding BAA's denial of taxpayer's valuation challenge despite taxpayer's uncontroverted valuation evidence); §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S. (1988 Repl.Vol. 10A).

Accordingly, the order of the BAA is affirmed.

CRISWELL and DAVIDSON, JJ., concur.