Don V. **ROBERTS**, Trustee, **Petitioner–Appellant**,

v.

**BOARD OF ASSESSMENT APPEALS OF the STATE OF COLORADO**, **Appellee**,

and

**Jefferson County Board of Equalization**, **Respondent–Appellee**.

No. 93CA0757.

Colorado Court of Appeals, Div. I.

Sept. 8, 1994.

Pamela J. Fair, Denver, for petitioner-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Larry A. Williams, First Asst. Atty. Gen., Denver, for appellee Bd. of Assessment Appeals.

Frank J. Hutfless, County Atty., Ellen G. Wakeman, Acting County Atty., Brian L. Utzman, Asst. County Atty., Nancy D. Berk, Sp. Asst. County Atty., Golden, for respondent-appellee Jefferson County Bd. of Equalization.

Opinion by Judge METZGER.

In this property tax case, petitioner, Don V. Roberts, Trustee (taxpayer), appeals from the order of the Board of Assessment Appeals (BAA) which denied his challenge to the valuation placed on his commercial property by respondent, the Jefferson County Board of Equalization (County), for the 1992 tax year. We reverse the BAA's order and remand the cause for further proceedings.

The issue in this appeal is the appropriate construction of § 39–1–104(11)(b)(I), C.R.S. (1993 Cum.Supp.), which sets forth various types of "unusual conditions" that may be considered in revaluing real property for tax years that intervene between scheduled revaluations under the biennial reassessment cycle.

In this case, following a *de novo* evidentiary hearing, the BAA upheld the $1,275,000 valuation of the subject property made by the County for the 1992 tax year; this was the same valuation the BAA had previously ordered for the 1991 tax year in an earlier proceeding. The BAA rejected taxpayer's position that the 1992 valuation should be $255,000, ruling that taxpayer had "presented insufficient probative evidence or testimony" to prove that the County had improperly

valued the subject property for the 1992 tax year.

In reaching this ruling, however, the BAA refused to consider evidence presented by taxpayer concerning his purchase of the subject property, along with a separate, related parcel, for $800,000 in 1991. The BAA noted that the 1991 sale had occurred outside the normally applicable base period for 1992 property tax valuations. The BAA also rejected taxpayer's argument that consideration of the 1991 sale was warranted under the "unusual conditions" provisions of § 39-1-104(11)(b)(I).

## I.

### A.

On appeal, taxpayer contends that the BAA improperly refused to consider his evidence concerning the 1991 sale of the subject property. He argues that the BAA made an erroneous legal conclusion that the sale did not qualify for consideration as an "unusual condition" under § 39-1-104(11)(b)(I). We agree.

Because the 1991 and 1992 tax years are both included in the same biennial reassessment cycle, property tax valuations for each of these tax years normally should be determined with reference to the same applicable base period, which ended on June 30, 1990. *See* § 39-1-104(10.2), C.R.S. (1993 Cum. Supp.); *see also Weingarten v. Board of Assessment Appeals,* 876 P.2d 118 (Colo.App. 1994).

However, § 39-1-104(11)(b)(I) provides an exception to this normal base period requirement for property tax valuations in years, such as the 1992 tax year, that "intervene" between the biennial reassessments. Under this exception, certain matters affecting valuation that arise after the applicable base period has ended may also be considered in determining property tax valuations for these intervening tax years,[1] but only if these matters constitute "unusual conditions" as defined by that statute. *See LaDuke v. CF & I Steel Corp.,* 785 P.2d 605 (Colo.1990); *24, Inc. v. Board of Equalization,* 800 P.2d 1366 (Colo.App.1990).

Section 39-1-104(11)(b)(I) defines the types of matters which qualify for consideration as such "unusual conditions" in two distinct provisions.

First, the statute sets forth a list of certain post-base period events that qualify as such "unusual conditions" based on the nature of the event, regardless of the degree of its effect on valuation. These events include "the ending of the economic life of an improvement with only salvage value remaining," "any new regulations restricting or increasing the use of the land," "any detrimental acts of nature," or "any damage due to accident, vandalism, fire, or explosion." *See* § 39-1-104(11)(b)(I). Because this statutory list of qualifying circumstances is limited and exclusive, and not merely descriptive, any type of event not included in this list does not constitute this type of an "unusual condition." *See LaDuke v. CF & I Steel Corp., supra.*

Following this statutory list, however, § 39-1-104(11)(b)(I) further provides that:

> On and after January 1, 1989, *any* other occurrence, condition, factor, act, or change which results in the actual value *of the property* as of June 30 of the preceding year being less than or greater than the correct level of value [*i.e.,* the actual value of the property as of June 30 of the year preceding the *first* year of the reassessment cycle] by more than ten percent of the correct level of value shall also be an unusual condition for purposes of this paragraph (b). (emphasis added)

Thus, under the quoted ten percent variance provisions, effective beginning with the 1989 tax year and thereafter, any type of post-base period event, regardless of its nature, may also qualify as an "unusual condition" so long as it has an effect on valuation of more than ten percent in the year following the normally applicable base period. Specifically, as to 1992 tax year valuations, an "unusual condition" under the quoted statutory provisions includes *anything* that results in a variance of more than ten percent between the valuation of the property as of June 30, 1991, and the normal base period valuation as of June 30, 1990.

■ Here, it is undisputed that the valuation reflected by the 1991 sale of the subject property meets the ten percent valuation variance threshold so as to allow consideration of this sale as this type of an "unusual condition." Nevertheless, the BAA refused to consider this evidence, ruling that the quoted statutory provisions applied only to intervening year changes of more than ten percent in the valuation of all properties in an entire "neighborhood" of like properties. Thus, it held that these provisions were inapplicable to such changes involving only individual properties.

We reject this construction of the statute. Instead, we agree with taxpayer that the quoted ten percent variance provisions are applicable to changes involving individual properties, that the 1991 sale of the subject property qualifies as such an "unusual condition," and that it therefore must be considered in valuing the subject property for the 1992 tax year.

■ In construing these statutory provisions, our primary task is to determine and give effect to the intent of the General Assembly. *LaDuke v. CF & I Steel Corp., supra;* *see* § 39–1–104(11)(a)(II), C.R.S. (1993 Cum.Supp.) (setting forth various principles declared to be the intent of the General Assembly in the provisions of § 39–1–104(11)(b)).

It is undisputed by the BAA and the County on appeal that the statutory provisions enumerating "unusual conditions" in terms of the list of qualifying circumstances are applicable to individual properties. However, in our view, based on the plain meaning of the statutory language and the statutory scheme as a whole, the latter provisions defining "unusual conditions" in terms of a ten percent variance in valuation must also be construed as being applicable to such changes involving individual properties. Indeed, we find no basis in the language or purpose of the statute to support the contrary construction of these latter provisions given by the BAA.

In support of their contrary construction of these latter provisions, the BAA and the County point out that the property tax administrator (PTA) has construed these provisions consistent with their position. Specifically, the PTA's published reference materials state that the requirement to revalue properties for intervening tax years pursuant to the quoted ten percent variance provisions "generally does not apply to individual properties, unless they are unique properties within a subclass, but rather to classes, subclasses, or stratifications of properties," such as all single family residential properties in a county. 3 *Assessors Reference Library* § I at 1.11–1.14 (rev. 1–93); *see* § 39–2–109(1)(e), C.R.S. (1993 Cum.Supp.).

■ Nevertheless, although the construction of a statute by the agency charged with its administration is entitled to deference, courts are not bound by an agency construction that misapplies or misconstrues the law. This is especially so when the result reached is inconsistent with legislative intent as manifested in the statutory text. *See Boulder County Board of Equalization v. M.D.C. Construction Co.,* 830 P.2d 975 (Colo.1992); *Golden Aluminum Co. v. Weld County Board of County Commissioners,* 867 P.2d 190 (Colo.App.1993).

Here, we find the construction of the quoted statutory provisions by the BAA and the PTA to be inconsistent with both the plain meaning of the statutory language used and the overall statutory scheme. Consequently, we reject that construction. *See Boulder County Board of Equalization v. M.D.C. Construction Co., supra; Golden Aluminum Co. v. Weld County Board of County Commissioners, supra.*

### B.

Contrary to the Board's contention, we also note that the 1991 sale of the subject property timely occurred so as to qualify this sale for consideration as such an "unusual condition" under the quoted ten percent variance provisions in determining the 1992 tax year valuation.

Although this sale did not close until November 1991, taxpayer had entered into the contract for the purchase of the subject property in June 1991, and the relevant terms of this sale were therefore contractually

reached within the applicable one-year period for determining the intervening year valuation under these provisions for the 1992 tax year, i.e., within the one-year period ending June 30, 1991. See § 39–1–104(11)(b)(I); Platinum Properties Corp. v. Colorado Board of Assessment Appeals, 738 P.2d 34 (Colo.App.1987) (When sales contract was executed within applicable base period, BAA erred in excluding evidence of comparable sale that closed after applicable base period ended).

Under the applicable standard of review, a reviewing court must set aside a BAA ruling if it reflects a failure to abide by the statutory scheme for calculating property tax assessments. Board of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc., 797 P.2d 27 (Colo.1990); see §§ 24–4–106(7) and 24–4–106(11)(e), C.R.S. (1988 Repl.Vol. 10A).

Because the BAA's ruling shows that it improperly refused to consider taxpayer's evidence concerning the 1991 sale of the subject property as qualifying as an "unusual condition" based on its erroneous construction of the quoted ten percent variance provisions of § 39–1–104(11)(b)(I), the BAA's order cannot stand. The matter must be remanded to the BAA for further proceedings and the issuance of a new ruling determining the appropriate valuation of the subject property for the 1992 tax year. This determination should be based on the BAA's application of the proper legal standards and its consideration and evaluation of the evidence of the sale as constituting an "unusual condition." See Board of Assessment Appeals v. E.E. Sonnenberg & Sons, Inc., supra; Platinum Properties Corp. v. Colorado Board of Assessment Appeals, supra; §§ 24–4–106(7) & 24–4–106(11)(e).

II.

Taxpayer also contends that the BAA improperly failed to consider other evidence he presented concerning other types of "unusual conditions." Specifically, taxpayer asserts that he also presented evidence of other circumstances, such as a 1992 change in zoning, which qualified for such consideration under the statutory list set forth in § 39–1–104(11)(b)(I). That statutory subsection de-fines "unusual conditions" as including "any new regulations restricting or increasing the use of the land" and "the ending of the economic life of an improvement with only salvage value remaining."

As to these contentions, the BAA and the County on appeal correctly note that the BAA did not refuse to consider this evidence and did not exclude it from the hearing. However, we are unable to ascertain from the BAA's order how it may have factually or legally resolved these issues, including whether it considered any such evidence to constitute "unusual conditions," and, if so, whether the BAA found any such "unusual conditions" to have any effect on the appropriate valuation of the subject property for the 1992 tax year.

Consequently, we further direct the BAA, when issuing its new ruling on remand, to correct its order and to expressly articulate the manner of its factual and/or legal resolution of these additional "unusual conditions" issues.

The order of the BAA is reversed, and the cause is remanded to the BAA for further proceedings and for the issuance of a new ruling consistent with the views expressed in this opinion.

RULAND and ROY, JJ., concur.