William C. RUSSELL, Jr.,
Petitioner–Appellant,

v.

GILPIN COUNTY BOARD OF EQUAL-
IZATION, Respondent–Appellee,

and

Board of Assessment Appeals, Appellee.

No. 94CA1660.

Colorado Court of Appeals,
Div. IV.

Nov. 24, 1995.

Rehearing Denied Jan. 25, 1996.

Certiorari Granted Aug. 19, 1996.

Holley, Albertson & Polk, P.C., George A. Holley, Howard R. Stone, Golden, for Petitioner–Appellant.

James J. Petrock, County Attorney, Frederick A. Fendel, III, Assistant County Attorney, Denver, for Respondent–Appellee.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Mark W. Gerganoff, Assistant Attorney General, Denver, for Appellee.

Opinion by Judge TAUBMAN.

In this property tax case, petitioner, William C. Russell, Jr. (taxpayer), appeals from an order of the Board of Assessment Appeals (BAA) concerning the valuation of certain parcels of his property for the 1993 tax year. We affirm in part, reverse in part, and remand for further proceedings.

Taxpayer originally challenged the valuation set by the Gilpin County Board of Equalization (BOE) on 11 separate schedule numbers of his property in *de novo* evidentiary proceedings before the BAA. On appeal, taxpayer now challenges the BAA's valuation of only three parcels of his residential property, as to schedule numbers 2735, 2736, and 2741.

Schedule number 2741 is a residential property located in the core gaming area of Central City, which has been taxpayer's personal residence for over 40 years. The valuation of this property was originally set by the county assessor at $792,080, and was later reduced by the BOE to $588,080. Following an evidentiary hearing, the BAA further reduced the valuation of this property to $384,680, a level in-between the BOE's valuation and taxpayer's valuation of $163,200.

Schedule numbers 2735 and 2736 are residential properties located elsewhere in Central City, but outside the gaming area. These properties have been used by taxpayer for storage. Following the hearing, the BAA upheld the valuations of these properties set by the assessor and the BOE at $49,480 and $70,800, respectively, and rejected taxpayer's valuations of $24,700 and $22,410.

## I.

Taxpayer first contends that the BAA erred in allowing one of the county commissioners, a member of the BOE, to testify over taxpayer's objection in the proceedings before the BAA regarding the basis of the BOE's reduced valuation of schedule number 2741. We agree.

Here, after the BOE's witness from the assessor's office had testified that she did not know why the assessor's valuation of schedule number 2741 had been reduced by the BOE, the BAA allowed the BOE, over taxpayer's objection, to present testimony from one of the members of the BOE on this point. The substance of the BOE member's testimony in this regard was that the BOE's reduced valuation "was really kind of an arbitrary figure that we came up with believing that this was a reasonable figure for a property in the core gaming district."

In *Public Utilities Commission v. District Court,* 163 Colo. 462, 431 P.2d 773 (1967), the supreme court adopted the mental process rule, holding that officials of an administrative agency cannot be compelled to testify concerning the procedure or manner in which they made their findings and rendered a decision in a case. The supreme court prohibited inquiring into or probing the mental processes or procedure by which an administrative decision is reached, except where an allegation has been made and there is a clear showing of illegal action, misconduct, bias, or bad faith on the part of the administrative agency officials or where there is a specific violation of the applicable statute.

As the supreme court has explained, this mental process rule is supported by two policy considerations. First, there is a presumption of regularity and validity which attaches to proceedings conducted by administrative agencies. In the absence of evidence to the contrary, it is presumed that such agencies have properly discharged their official duties. Second, when administrative proceedings are quasi-judicial in character and resemble judicial proceedings, the agency officials should be treated as the equivalent of judges. *Hadley v. Moffat County*

School District RE–1, 681 P.2d 938 (Colo. 1984).

And, in Colorado, the supreme court has held that it is contrary to public policy to permit a judge to be called as a witness to state the grounds upon which he or she decided the case. *See Noland v. People,* 33 Colo. 322, 80 P. 887 (1905); *People v. Drake,* 841 P.2d 364 (Colo.App.1992).

Significantly, although there are no Colorado decisions discussing whether a member of the BOE may testify in proceedings before the BAA regarding the basis of the BOE's property valuation, the courts in *Public Utilities Commission v. District Court, supra,* and *Hadley v. Moffat County School District RE–1, supra,* relied in part on a United States Supreme Court decision which is almost on all fours with the present case. In *Chicago B & Q Ry. Co. v. Babcock,* 204 U.S. 585, 27 S.Ct. 326, 51 L.Ed. 636 (1907) (Holmes, J.), the court held that it was "wholly improper" to cross-examine members of a board of equalization and assessment with regard to the operation of their minds in valuing and taxing property. Rather, the Supreme Court held that the record required to be kept by the board of equalization and assessment was the best evidence of its decision and acts. *See also United States v. Morgan,* 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941) (not the function of the court to probe the mental processes of an administrative decision maker); 1 K. Davis & R. Pierce, *Administrative Law Treatise* § 8.6 (3d ed. 1994) (Supreme Court has generally held that courts may not probe administrators' understanding of the basis for their actions).

■ Based upon the persuasiveness of these authorities, we hold that a member of the BOE may not testify in proceedings before the BAA regarding the basis of the BOE's decision.

In so holding, we reject the BAA's distinction between compelled and voluntary testimony by a BOE witness before the BAA. The policy reasons supporting the exclusion of an administrative decision maker's testimony regarding his or her mental processes apply equally whether that witness testifies voluntarily or is compelled to testify.

We also reject the BAA's contention that, because the BAA did not adopt the value testified to by the BOE member, his testimony was not prejudicial to taxpayer. Inasmuch as the BAA reached a valuation for schedule number 2741 between the values asserted by the BOE and the taxpayer, we cannot say that taxpayer was not prejudiced by such testimony.

Accordingly, we reverse that portion of the BAA's order regarding schedule number 2741 and remand for further proceedings to be conducted without testimony by a member of the BOE.

II.

Taxpayer next contends that the BAA's valuations concerning schedule numbers 2735 and 2736 are not supported by substantial evidence because the BAA failed to make certain site-based valuation adjustments that taxpayer asserts were necessary for particular problems associated with each of these properties. We disagree with this contention.

■ The overall valuation determinations, including the determinations as to the degree of comparability of the sales data and the weight to be given to various factors in making any necessary adjustments to the sales data, were questions of fact for the BAA to decide, based on its evaluation of the evidence presented. *See Weingarten v. Board of Assessment Appeals,* 876 P.2d 118 (Colo. App.1994); *Golden Gate Development Co. v. Gilpin County Board of Equalization,* 856 P.2d 72 (Colo.App.1993).

■ With respect to these determinations, the evaluation of the credibility of the witnesses and the weight, probative value, and sufficiency of all of the evidence were matters solely within the province of the BAA as the trier of fact, whose decisions in such matters may not be displaced on appeal by a reviewing court. Moreover, the BAA, as the finder of fact, was not bound to accept as dispositive even the uncontroverted evidence of a single party, but could properly consider any reasonable inferences and circumstances tending to weaken or discredit

such evidence. *See Weingarten v. Board of Assessment Appeals, supra; Golden Gate Development Co. v. Gilpin County Board of Equalization, supra.*

As to schedule numbers 2735 and 2736, the BAA's ruling shows that the BAA recognized the "poor condition" of these properties, but nevertheless determined that the valuations made by the assessor and the BOE were "proper." We find no error in these determinations.

Rather, we note that the BOE's witness from the assessor's office testified that, for purposes of valuation, no particular adjustments to the sales data were necessary for any physical characteristics of these properties in valuing them.

Under the applicable standard of review, we will not reweigh the evidence presented or substitute our judgment for that of the BAA on any of these questions of fact. Thus, since the BAA's factual determinations as to the appropriate valuations of schedule numbers 2735 and 2736 are supported by competent and substantial evidence in the record as a whole, such determinations will not be disturbed on review. *See* §§ 24–4–106(7) & 24–4–106(11)(e), C.R.S. (1988 Repl. Vol. 10A); *Weingarten v. Board of Assessment Appeals, supra; Golden Gate Development Co. v. Gilpin County Board of Equalization, supra.*

In light of our disposition of the above issues, we need not address taxpayer's remaining contentions.

Accordingly, the BAA's order is affirmed with respect to schedule numbers 2735 and 2736, the order is reversed with respect to schedule number 2741, and the cause is remanded for further proceedings consistent with this opinion.

NEY and KAPELKE, JJ., concur.